761 P.2d 1091

Michael MOORE, as guardian ad litem of Brooke Burwell, a minor, Plaintiff/Appellant,

v.

TUCSON ELECTRIC POWER COMPANY, an Arizona corporation, Defendant/Appellee.

No. 2 CA–CV 87–0214.

Court of Appeals of Arizona, Division 2, Department A.

May 10, 1988.

Review Denied Oct. 4, 1988.*

Haralson, Kinerk & Morey, P.C. by Dale Haralson, Denneen L. Peterson & William H. Ricker, Tucson, for plaintiff/appellant.

Kimble, Gothreau, Nelson & Cannon, P.C. by William Kimble, Tucson, for defendant/appellee.

OPINION

HOWARD, Presiding Judge.

This is an appeal from a defense verdict in a personal injury action.

The minor in this case, Brooke Burwell, was seriously injured when he received electrical burns after scaling one of defendant's power poles. At the time of the accident he was 14 years old. The pole, located in an alley where children play, was supported by two sets of guy wires of two wires each. These wires were attached at one end to the ground and at the other to portions of the pole near its top. Brooke was able to climb the guy wires, which nearly formed a 45–degree angle, by placing his feet on the lower set of wires and his hands on the higher set. This was not the first time he had done this. About one month earlier he had climbed another pole in the same manner. In fact, this was not

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Brooke's first adventurous climb. Prior to this accident he had undertaken numerous dangerous and unorthodox climbing activities, including the bell tower and television antennae at the University of Arizona.

After Brooke climbed the pole upon which he was injured, he sat on the cross-arm and watched the sunset. Then he decided to traverse the power lines to the other pole. He put his hand out to reach for a transmission line and received a shock which rendered him unconscious. He then fell from the pole.

During Brooke's previous electrical pole climb, he had walked out across the line strung between two poles. These were uncovered metal wires. Brooke thought that he would not get "zapped" by touching uncovered metal wires. The wires on which he was injured looked just like the wires that he had walked on one month before without incident.

At the time of the accident, Brooke was a person of superior intelligence. He attended University High School, a school for intellectually gifted students. He excelled throughout his schooling in mathematics and science courses and was an intellectually curious person.

The appellant contends that the court erred in excluding certain evidence, in failing to give certain of its requested instructions, in giving certain instructions and in continuing what appellant contends is the outmoded distinction among trespassers, invitees and licensees. We affirm.

■ A defendant in this type of electrical pole injury case can be liable on the basis of common law negligence or negligence per se as a result of the violation of a statute, regulation or ordinance which fixes a standard of care. See *Salt River Valley Water Users' Association v. Compton*, 39 Ariz. 491, 8 P.2d 249 (1932), overruled on other grounds, *MacNeil v. Perkins*, 84 Ariz. 74, 324 P.2d 211 (1958). There was an issue in this case as to whether the defendant had violated a regulation of the Arizona Corporation Commission. This factual issue controlling the negligence per se claim was resolved by the jury adversely to appellant.

Appellant's remaining claim is based on an allegation of common law negligence. Ordinarily the duty of a landowner to a trespasser is not to wilfully or wantonly injure him. *Buckeye Irrigation Co. v. Askren*, 45 Ariz. 566, 46 P.2d 1068 (1935). Where children are concerned an exception to this rule has developed which is commonly known as the doctrine of attractive nuisance. *Spur Feeding Co. v. Fernandez*, 106 Ariz. 143, 472 P.2d 12 (1970).

■ The Restatement (Second) of Torts § 339 (1965) recognizes that a possessor of land may be liable to a child trespasser if certain conditions are present:

"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect children."

Although the jury was instructed on this doctrine, we do not believe that it was applicable here for two reasons. First, the owner or occupier of the premises must have reason to anticipate the presence of the child at the place of danger. If the power pole is easily climbable, then the owner has reason to anticipate that children will climb it, if it is located in an area where there are children. See *Salt River*

*Valley Water Users' Association v. Compton, supra* (the pole had cross-members which made it a ladder and thus attractive to the ordinary child). However, if it takes an unusual effort to reach the place of danger, in this case to climb the pole, the pole does not constitute an attractive nuisance. See *Ross v. Sequatchie Valley Electric Cooperative,* 198 Tenn. 638, 281 S.W.2d 646 (1955) (no liability under doctrine of attractive nuisance where 12–year–old boy held onto top guy wire and walked up lower guy wire to point near where guy wires tied to electrical light pole on electrical co-op's right-of-way and was struck by high voltage electricity).

The second reason why, as a matter of law, the doctrine of attractive nuisance was not applicable to this case, was the age, experience and knowledge of Brooke. Brooke's testimony showed he knew the danger of wires on power poles. He knew he could get "zapped." His mistaken belief that the wires were not dangerous if they were uninsulated does not detract from his knowledge of the danger.

The doctrine of attractive nuisance did not apply, therefore Brooke was a trespasser.

■ We have been again urged to abolish the common law distinction among invitees, licensees, and trespassers in determining a landowner's liability for injuries to those coming upon his premises. We rejected the same challenge in *Robles v. Severyn,* 19 Ariz.App. 61, 504 P.2d 1284 (1973), because we were bound by our supreme court's decision in *Shannon v. Butler Homes, Inc.,* 102 Ariz. 312, 428 P.2d 990 (1967). We said that any change should be made by the supreme court of this state. We do note that Prosser and Keeton on Torts, (5th ed. 1984), advocate retention of the categories. The authors note:

"Although the abolition movement gathered impressive momentum through the mid–1970s, it thereafter quite abruptly lost its steam, and in 1979 it came to a screeching halt. All six courts passing on the issue from then until 1982 have reaffirmed their commitment to the traditional trespasser-licensee-invitee classification scheme. It is still too early to determine whether this most recent shift in attitude towards the entrant categories will prove to be only a momentary rest stop on the long march toward a general overthrow of this entire system of legal doctrine. Instead, it may reflect a more fundamental dissatisfaction with certain developments in accident law that accelerated during the 1960s—the reduction of whole systems of legal principles to a single, perhaps simplistic, standard of reasonable care, the sometimes blind subordination of other legitimate social objectives to the goals of accident prevention and compensation, and the commensurate shifting of the decisional balance of power to the jury from the judge. At least it appears that the courts are gaining a renewed appreciation for the considerations behind the traditional duty limitations toward trespassing adults, and that they are acquiring more generally a healthy skepticism toward invitations to jettison years of developed jurisprudence in favor of a beguiling legal panacea." § 62 at 433–434. (Footnotes omitted.)

The authors also note that a great majority of decisions since 1982 have continued to apply the conventional entrant classification rules. Three jurisdictions have been quite explicit in rejecting suggestions that they abolish the distinction among entrants. See *Adams v. Fred's Dollar Store of Batesville,* 497 So.2d 1097, 1102 (Miss. 1986) ("To adopt such a position now would cause an upheaval of the common law and needlessly inject uncertainty into the realm of commercial and private legal relations. We here reaffirm our intention to follow the common law distinction."); *Younce v. Ferguson,* 106 Wash.2d 658, 664, 724 P.2d 991, 995 (1986) (finding "compelling" reasons to retain classification system: "We do not choose to erase our developed jurisprudence for a blank slate. Common law classifications continue to determine the duty owed by an owner or occupier of land in Washington."); *Mech v. Hearst Corp.,* 64 Md.App. 422, 496 A.2d 1099 (Md.Ct.Spec. App.1985), *cert. denied,* 305 Md. 175, 501 A.2d 1323 (1986) (reaffirming classification

system as a "venerable principle of Maryland law").

We would not encourage our supreme court to abolish the entrant classifications.

In view of our determination that the trial court's submission of the issue of attractive nuisance to the jury was a gratuity and not warranted, we only need to discuss one further issue raised by appellant. He contends that the trial court erred in refusing to give his instruction regarding the effect of the violation of a regulation. Without deciding whether the instruction was applicable here, we find no error because this theory was adequately covered by another instruction.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.