**Phyllis BECKER, Appellant,**

v.

**DIAMOND PARKING, INC.,
Respondent.**

**No. WD 40873.**

Missouri Court of Appeals,
Western District.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 28, 1989.

Application to Transfer Denied
May 16, 1989.

G. Edwin Proctor, Jr., Kansas City, for
appellant.

John R. Loss and Matthew R. Davis,
Kansas City, for respondent.

Before KENNEDY, C.J., and
SHANGLER and GAITAN, JJ.

GAITAN, Judge.

Plaintiff-appellant, Phyllis Becker, seeks
damages from defendant-respondent, Dia-
mond Parking Inc., resulting from an as-
sault and attempted rape on defendant's
premises. The trial court granted summa-
ry judgment in favor of defendant. We
reverse and remand.

Plaintiff was an employee of the Mis-
souri Division of Youth Services working in
their regional Kansas City office. Until
July 1985, this office was located in the
Missouri State Office Building in down-
town Kansas City, Missouri. In July 1985,
the Missouri State Office Building was
closed for asbestos removal and plaintiff's
office was moved to the location of 906
Grand Avenue in downtown Kansas City,
Missouri. Upon transfer of its office, the
Missouri Division of Youth Services con-
tracted for parking spaces for its employ-
ees at defendant's parking facility at 307
East Ninth, Kansas City, Missouri. Plain-
tiff continuously parked her car in this
enclosed, multi-story facility.

On the morning of November 13, 1985,
plaintiff parked her car at the parking fa-
cility as usual. At the end of the working
day, between 4:00 and 5:00 p.m., plaintiff
returned to her parked car in the subject
facility and as she was about to enter her
car she was attacked and grabbed by an
unknown assailant. He violently dragged
her up an unlit and abandoned stairwell in
defendant's facility, into an abandoned and
unlit closet where he attempted to rape and
otherwise assaulted plaintiff. As a result
of this attack plaintiff suffered physical as
well as severe and permanent psychological
injuries.

On October 25, 1985, less than three
weeks prior to the assault on plaintiff, an
incident similar to plaintiff's occurred at
the same parking facility. At approximate-
ly 4:00 p.m. in the afternoon a lady was
attacked by an unknown assailant. This

incident was reported to defendant and was described by defendant's employee, Steve Borkowski, in his deposition as a rape. In addition, incident reports from defendant's files indicate that occurrences of break-ins, stealing or vandalism occurred in the same facility on August 13, 1984; September 18, 1984; September 24, 1984; October 9, 1984; December 31, 1984; February 1, 1985; March 15, 1985; and September 20, 1985. No warnings were provided to defendant's customers regarding any incident which had occurred at the subject facility. Furthermore, no additional safety precautions were taken and no warning was given to any of the customers after the October 25, 1985 incident.

After the trial court entered its Order rendering summary judgment in favor of defendant, plaintiff requested the trial court to reconsider its decision and order a trial for plaintiff. The trial court refused to grant plaintiff a trial.

In reviewing a summary judgment, this Court must view the record in the light most favorable to plaintiff. *Madden v. C & K Barbecue Carryout, Inc.*, 758 S.W.2d 59 (Mo. banc 1988). Summary judgment is a drastic remedy and is "inappropriate unless the defendants have shown by unassailable proof that they are entitled to judgment as a matter of law." *Id.* at 61. Summary judgment should not be granted if a genuine issue of fact exists. "A genuine issue of fact exists when there is the slightest doubt about a fact." *Id.*

In the present action, the trial court found that in Missouri a party has no duty to protect another from a deliberate criminal attack by a third person unless the facts of the case fall within one of two recognized exceptions to that rule: (1) where there existed between plaintiff and defendant a special relationship giving rise to a duty to protect; or (2) where special circumstances are present such that a reasonable invitor would have recognized a danger and taken steps to protect its invitee from assailants. The trial court found that the special relationship exception is not applicable in the present action. The court also found that the special circum-

stances exception is likewise not applicable because plaintiff had only shown one prior violent attack similar to plaintiff's. The court stated that one prior incident is not sufficient to put defendant on notice.

However, in the recent Missouri Supreme Court decision of *Madden*, the Court dealt extensively with the same issues which are raised in this appeal. Recognizing that a duty to protect business invitees from the criminal acts of unknown third persons may be imposed by common law under the facts and circumstances of a given case, the Court quotes at length from the Restatement (Second) of Torts.

> *Section 344* of the *Restatement (Second) of Tort* recognizes a duty on the part of a possessor of land who holds it open to the public for entry of business purposes to protect members of the public while they are on the land from the intentionally harmful acts of third persons or in the alternative to warn visitors so that they can avoid the harm. Under the restatement approach, *this duty may arise when the landowner knows or has reason to know from past experience that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of visitors, even if the landowner has no reason to expect harmful conduct on the part of any particular individual.* [Emphasis added].

*Madden*, 758 S.W.2d at 62.

As stated in *Madden*, "[t]he touchstone for the creation of a duty is foreseeability." *Id.* With this pronouncement, the Missouri Supreme Court has essentially changed the focus of premises liability cases from the special circumstances and special relationships criteria to the concept of what is foreseeable. With the criteria for liability of a business owner set forth in *Madden*, this Court holds that the trial court was in error when it granted defendant's motion for summary judgment.

■ *Madden* further clarifies the holdings in prior cases using the special circumstances and special relationship criteria, and emphasizes that the key to the creation of a duty to invitees is foreseeability. The

essence of *Madden* is that a duty may arise whenever it is *foreseeable* that conduct of a known or unknown third person is *likely* to endanger the safety of a visitor regardless of whether the special circumstances or special facts criteria apply. *Madden* states:

> Consistent with the holding in *Virginia D.,* with the court of appeals decision in *Brown,* and with the rule established by the *Restatement of Torts,* (footnote omitted), *the Court recognizes that business owners may be under a duty to protect their invitees from the criminal attacks of unknown third persons depending upon the facts and circumstances of a given case. The touchstone for the creation of a duty is foreseeability. A duty of care arises out of the circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury. Lowrey v. Horvath,* 689 S.W.2d 625, 627 (Mo. banc 1985). [Emphasis added].

*Id.*

█ Less than three weeks prior to the assault on plaintiff in the case at bar, a similar incident occurred in the same facility. Defendant took no additional precautions as a result of this incident to either warn or guard against any future occurrences. In addition, plaintiff cited numerous other incidents, including break-ins, which occurred in the very premises which are the subject of this litigation. These prior incidents put defendant on actual notice that people were breaking into its facility, yet defendant took no precautions to guard or warn of this activity. Therefore, defendant was not entitled to judgment as a matter of law, and summary judgment should not have been granted.

The whole point in issue in all of the premises liability cases is whether the business owner had sufficient notice such that they should take precautions to guard or warn against incidents like plaintiff's. Did the defendant have adequate notice that something might occur and based on this knowledge, take safety precautions or post some type of warning? We believe that a jury should be entitled to determine this issue.

The facts show defendant was aware that criminal activity had previously occurred in its facility and took no additional safety precautions. Furthermore, defendant could reasonably assume that plaintiff had no reason to discover the dangerous condition. Arguably, under the present circumstances a duty was created and owed to plaintiff to provide a reasonably safe and secure parking facility and to warn plaintiff of the prevailing dangerous condition. A jury, therefore, could conclude if given an opportunity, that defendant was negligent in breaching its duty to plaintiff.

We reverse and remand for trial.

All concur.