**Debra S. CLARKE, Appellant (Plaintiff),**

v.

**Rex BECKWITH, Appellee (Defendant).**

No. 92–288.

Supreme Court of Wyoming.

Aug. 13, 1993.

Steven R. Helling, Casper, for appellant.

Travis W. Moffat of Moffat & McKee, P.C., Lander, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellant Debra S. Clarke, who was injured when she slipped and fell on ice in a driveway, appeals from the district court's order granting a summary judgment in favor of Appellee Rex Beckwith, the owner of the premises where Ms. Clarke fell.

■ We reverse, remand, and abandon a portion of the common-law rule which distinguishes between tort claimants on the basis of whether their status is licensee or invitee.

Ms. Clarke pursues resolution of these questions:

Did the Trial Court err when it granted Appellee's (Defendant below) Motion for Summary Judgment? Were there genuine issues of material fact which precluded the entry of summary judgment? Was Appellee entitled to judgment as a matter of law?

Under the facts of this case, these issues necessarily include the following sub-issues:

What duty of care is owed by the owner and occupant of premises who expressly invites persons to his or her premises?

Was there a genuine issue of material fact as to whether Appellee breached that duty in this case, and was Appellee entitled to judgment as a matter of law?

In response, Mr. Beckwith articulates this summary of the matters to be settled:

1. Was Summary Judgment appropriately rendered in favor of Appellee Beckwith because

a. there were no genuine issues of material fact as to the legal status of Appellant Clarke at the time she fell on Appellee's driveway, and

b. there were no genuine issues of material fact supporting the contention that Appellee's conduct fell below the willful and wanton standard of care?

2. Should this Court abandon the common law classifications of trespasser, licensee, and invitee in favor of an ordinary negligence standard of care for entrants upon the land of others?

Ms. Clarke filed her complaint, alleging that she had been injured on December 23, 1991, when she fell in Mr. Beckwith's driveway as she arrived to attend an annual Christmas party. Mr. Beckwith answered the complaint and filed a motion for summary judgment, professing that Ms. Clarke was a social guest-licensee and that, because of her status, his only duty as to Ms. Clarke was not to cause her injury through willful and wanton misconduct.

The facts are virtually undisputed. Mr. Beckwith hosted a Christmas party at his home in Sinks Canyon on Monday, December 23, 1991. Snow fell during the weekend preceding the party. Mr. Beckwith used his snowblower on Sunday afternoon to remove that snow from his driveway. On Monday afternoon, the day of the party, he used a scoop shovel to dislodge the remaining compacted snow which had not been removed by the snowblower.

Ms. Clarke was formally invited to attend the Christmas party. When she arrived at Mr. Beckwith's home, numerous other guests were already there so she had to park near the end of the 400-foot long driveway. At the house, which was located on a hillside, the driveway was as wide as the three-stall garage and had a 25-foot parking area to the west of the garage but it narrowed into a "regular driveway" about half way up the mountain to the road. The party began at seven o'clock in the evening, and it was dark when Ms. Clarke arrived.

Ms. Clarke attested that she slipped twice before she actually fell on what she characterized as being an icy spot. Although she directs special attention to the darkened condition of the driveway, she stated in her deposition that she could see from where she fell that the driveway appeared to be icy all the way to the front sidewalk and "that only the sidewalk in front of his house didn't have any snow or ice on it." Ms. Clarke maintained that she lay on the ground for about fifteen minutes before anyone came to help her. However, when her cries for help were heard, many people came out to assist, and she was immediately taken to a hospital. As a result of the fall, Ms. Clarke's leg was broken in seven places. Treatment has included surgical intervention and may require future surgeries.

The district court issued findings in conjunction with its grant of a summary judgment. Acknowledging the prior decisions of this Court, which we shall discuss in more detail later, the trial court described Ms. Clarke as being a social guest and identified Mr. Beckwith's duty toward her as being one "not to harm the licensee willfully or wantonly." Finding that no genuine issue of material fact existed relating to willful or wanton misconduct by Mr. Beckwith, the district court granted the summary judgment.

The common-law classification of tort plaintiffs as trespassers, licensees, and invitees has deep roots in Anglo–American jurisprudence. The classifications served to measure the limits of the owner's duty according to whether the entrant was considered to be an invitee, a licensee, or a trespasser. As to trespassers and licensees, the owner had only a duty not to willfully or wantonly harm. As to an invitee, on the other hand, the owner had a duty to exercise reasonable care. Over the years, courts have further refined and differentiated between the three classes in order to avoid the harshness of the primary classifications. This has, of course, tended to produce unusual results in some cases.

In *Yalowizer v. Husky Oil Company*, 629 P.2d 465 (Wyo.1981), we declined an opportunity to depart from the use of those classifications, which were recognized in *Maher v. City of Casper*, 67 Wyo. 268, 219 P.2d 125 (1950). As we begin our examination of this issue, it is essential for us to acknowledge that our decisions in both *Maher* (two boys drowned in an abandoned quarry which had filled with water) and *Yalowizer* (a driver was injured when she was using an abandoned service station's driveway as a shortcut) were primarily dicta and dealt with persons who were described as being trespassers rather than as being invitees or licensees.

Our decision today was presaged by *Allen v. Slim Pickens Enterprises*, 777 P.2d 79 (Wyo.1989). We indicated in that case: "The key to the creation of a duty to the invitees on the premises is foreseeability." 777 P.2d at 82 (citing *Becker v. Diamond Parking, Inc.*, 768 S.W.2d 169 (Mo.Ct.App. 1989)). Continuing, we held:

The status of this visitor, except to discern that he was not a trespasser, is unimportant under these circumstances. Within the particularized facts of a general invitation in a prior year and present

visit to the unoccupied summer cabin without advance notice, the designation of the relationship is unnecessary in assessment that no duty of care was violated. Whether to be differentiated to be a bare licensee in legal theory or a social guest, the visit of Allen was unexpected, unplanned and unprepared.

*Id.*

Since our decision in *Yalowizer*, there has been considerable development of the law in this field. Three discrete rules are applied in various jurisdictions: One grouping of jurisdictions (with some variation in some of these states over the years) continues to apply the common-law rule; a second cluster of states makes no distinction between the three categories and applies a rule of "reasonable care under the circumstances"; and the third group continues to treat trespassers as a distinct group but applies the rule of "reasonable care under the circumstances" to all others. Vitauts M. Gulbis, Annotation, *Modern Status of Rules Conditioning Landowner's Liability upon Status of Injured Party as Invitee, Licensee, or Trespasser*, 22 A.L.R.4TH 294 (1983 & 1992 Supp.); 3 STUART M. SPEISER ET AL., THE AMERICAN LAW OF TORTS § 14:3 (1986).

■ The third rule has been ably expressed by the North Dakota Supreme Court:

In the instant case, rather than continue to predicate liability on the status of an entrant, we have decided to apply the ordinary principles of negligence to govern a landowner's conduct as to a licensee and an invitee. We do not change our rule as to trespassers. An occupier of premises must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk. Having determined the judicial necessity for abandoning the use of the common law categories of licensee and invitee in premises liability cases, we have determined to do so pro-

spectively except as to the parties in this action.

*O'Leary v. Coenen*, 251 N.W.2d 746, 751 (N.D.1977) (footnote omitted). *See also Poulin v. Colby College*, 402 A.2d 846 (Me. 1979); *Waters by Murphy v. United States Fidelity & Guaranty Company*, 369 N.W.2d 755 (Wis.Ct.App.1985) (citing *Antoniewicz v. Reszcynski*, 70 Wis.2d 836, 236 N.W.2d 1 (1975)); and *Hudson v. Gaitan*, 675 S.W.2d 699 (Tenn.1984). We are persuaded that the third rule—trespassers will be treated as a distinct group but the rule of "reasonable care under the circumstances" will be applied to all others—should be and hereby is adopted by this Court. The foreseeability of the injury, rather than the status of the lawful entrant, should be the basis for liability. This decision is to be applied prospectively except as to the parties in this action.

Reversed and remanded for further proceedings consistent with this opinion.

CARDINE, Justice, concurring.

I concur upon the condition and with my understanding that this case has no application to and does not change our pronounced law governing landowner liability for natural accumulations of ice and snow. Upon remand, the parties may again move for summary judgment which now must be determined by the principles announced herein and those that pertain to accumulation of snow and ice, whether natural or unnatural. I would apply the rule retrospectively. Insurance coverage has been mentioned and, of course, it is no more a material fact for consideration than is the existence or non-existence of appellant's own health, hospitalization or accident insurance. The only question that ought to be considered is whether one party ought to compensate the other for injuries sustained by a social guest invited to a party.

GOLDEN, Justice, specially concurring with whom CARDINE, J., joins.

This appeal presents the narrow question whether a Wyoming landowner or occupier owes a duty of reasonable care to his or her social guests to protect them from

physical harm while they are on his or her premises. I would hold that such a duty is owed. I would apply this ruling to Mrs. Clarke's case and prospectively to those social guests whose claims accrue after the date of this opinion. My preference for prospective application rests upon my desire to be fair to litigants and to protect reliance upon clear judicial precedent. The majority's decision today expressly accepts the invitation rejected by this court twelve years ago in *Yalowizer v. Husky Oil Co.*, 629 P.2d 465, 22 A.L.R.4th 285 (Wyo.1981), when Mrs. Yalowizer asked this court to abolish the common law classifications and establish a unified duty of reasonable care regardless of the entrant's status. Our decision in *Allen v. Slim Pickens Enter.*, 777 P.2d 79 (Wyo.1989), offered no promise to abolitionists that this court was poised to repudiate decades of Wyoming jurisprudence following the common law classifications. In my judgment, the prudent Wyoming landowner or occupier, advised of judicial trends, would not have anticipated the expansion of exposure to liability embodied in today's decision. Thus, for me, prospective application is the better course.

To the extent that the majority opinion answers the narrow question presented by the facts of Mrs. Clarke's case, I concur in the result. I must part company with my colleagues, however, when their decision today exceeds the boundary of the narrow question presented in order to cut the wider swath and abolish wholesale the common law categories of invitee and licensee.[1]

To address the narrow question presented in context, I first note the obvious, that historically English and American common law courts have classified persons entering another's land as either invitees, licensees, or trespassers. *See*, JOSEPH A. PAGE, THE LAW OF PREMISES LIABILITY, chs. 2, 3, 4 (2d ed. 1988 & Supp.1993–94); Comment, *The Common Law Tort Liability of Owners and Occupiers of Land: A Trap for the Unwary?*, 36 Md.L.Rev. 816, 822–34 (1977). As a common law court,[2] this court has long said that the entrant's status on the land determines the duty of care owed to him or her by the landowner or occupier. *See:*

▶ *Thunder Hawk by and through Jensen v. Union Pacific R. Co.*, 844 P.2d 1045 (Wyo.1992) (child injured upon jumping from a moving train car concedes he was either trespasser or bare licensee; this court adopts the attractive nuisance doctrine as stated by Restatement (SECOND) OF TORTS § 339 (1965));

▶ *Slim Pickens*, 777 P.2d 79 (the status of the landowner's long-time friend who

---

**1.** The majority claims that in the twelve years since *Yalowizer* considerable development has occurred in this area of premises liability law. Slip. op. at 5. The majority cites to four decisions from other jurisdictions, apparently to demonstrate that considerable development. The North Dakota case of *O'Leary v. Coenen*, 251 N.W.2d 746 (N.D.1977) and the Maine case of *Poulin v. Colby College*, 402 A.2d 846 (Me. 1979), were decided several years before *Yalowizer*. In contrast to the other two decided a few years after *Yalowizer*, viz., *Waters by Murphy v. United States Fidelity & Guar. Co.*, 369 N.W.2d 755 (Wis.App.1985), and *Hudson v. Gaitan*, 675 S.W.2d 699 (Tenn.1984), according to one scholar, by the late 1970's increasing numbers of courts either specifically refused to abolish the common law classifications, postponed the decision to abolish them, or reaffirmed the traditional rules. JOSEPH A. PAGE, THE LAW OF PREMISES LIABILITY, § 6.7 at 139 (2d ed. 1988).

Since 1988, five courts have refused to abandon the traditional rules. *See, Moore v. Tucson Elec. Power Co.*, 761 P.2d 1091 (Ariz.1988); *Baldwin by Baldwin v. Mosley*, 295 Ark. 285, 748

S.W.2d 146 (1988); *Kirschner by Kirschner v. Louisville Gas & Elec. Co.*, 743 S.W.2d 840 (Ky. 1988); *Lohrenz v. Lane*, 787 P.2d 1274 (Okla.1990); *Preston v. Baltimore & Ohio R. Co.*, 550 N.E.2d 191 (Ohio App.1988).

Among our Rocky Mountain sister states, Utah rejected the invitation to abolish the common law classifications in 1979, *Tjas v. Proctor*, 591 P.2d 438 (Utah 1979); Idaho reaffirmed the traditional rules in 1975, *Springer v. Pearson*, 531 P.2d 567 (Idaho 1975) and again in 1980, *Huyck v. Hecla Mining Co.*, 101 Idaho 299, 612 P.2d 142 (1980); and in Colorado the legislature reinstated the common law categories in 1986, only to have the Colorado Supreme Court invalidate the legislative effort in 1989 because as written the law violated the equal protection clauses of both the state and federal constitutions, *Gallegos v. Phipps*, 779 P.2d 856 (Colo. 1989).

Based upon the foregoing activity since *Yalowizer* in 1981, one is hard-pressed to conclude that a trend in favor of abolition of the common law categories is developing.

**2.** WYO.STAT. § 8–1–101 (1989).

unexpectedly visited the landowner's un-opened and unprepared summer cabin in response to landowner's year-old general invitation is unimportant under the particular facts of the case; although the unexpected visitor was not a trespasser, he was either a licensee or a social guest);

◗ *Yalowizer*, 629 P.2d 465 (adult motor vehicle operator who drives onto vacant service station premises as a short-cut "was a trespasser and at the most a licensee" as to whom premises owner owes duty not to wantonly injure; this court *expressly rejected* the trespasser-licensee's request calling for the abolition of the common-law classifications and establishment of a uniform standard of reasonable care under the circumstances);

◗ *Buttrey Food Stores Div. v. Coulson*, 620 P.2d 549, 20 A.L.R.4th 419 (Wyo. 1980) (store owner owes duty of reasonable care to customer);

◗ *Sinclair Refining Co. v. Redding*, 439 P.2d 20 (Wyo.1968) (affirming a judgment entered upon a jury verdict against a service station lessor and for a motor vehicle passenger who suffered injuries when she tripped and fell while returning from using the restroom to her motor vehicle which had stopped on the premises only for the purpose of letting the passenger use the restroom, this court held, among other things, that the evidence was sufficient to raise a jury issue whether the passenger was an invitee or licensee; in its analysis, this court discussed the determination of "invitee" status on the basis of the "economic benefit" test and the "invitation" test and concluded that sufficient evidence existed upon which a jury could find potential economic advantage to the service station lessor in this factual scenario);

◗ *Stilwell v. Nation*, 363 P.2d 916 (Wyo.1961) (trailer court owner owes duty of reasonable care to child of trailer court tenant);

◗ *Maher v. City of Casper*, 67 Wyo. 268, 219 P.2d 125 (1950) (Blume, J.) (landowner city's mere tolerance and passive permission of, and acquiescence in, the use of a water-filled gravel pit as a playground by children does not make the children "invitees" as to whom the landowner owes a duty of reasonable care; the children, if not trespassers, are at most "bare licensees" as to whom the landowner owes a duty not to wantonly injure);

◗ *Honan v. Moss*, 359 P.2d 1002 (Wyo. 1961) (in affirming the trial court's judgment for the service station owner, this court discussed the rules of law relating to invitees and licensees in the context of the possibility that a customer's movement from one part of the premises to another in search of a restroom may change the customer's status from invitee to licensee);

◗ *Dudley v. Montgomery Ward & Co.*, 64 Wyo. 357, 192 P.2d 617 (1948) (store customer is invitee as to whom storekeeper owes duty of reasonable care);

◗ *Afton Elec. Co. v. Harrison*, 49 Wyo. 367, 54 P.2d 540 (1936) (Blume, J.) (child is a trespasser as to whom land occupier owes a duty not to willfully injure; however, when child is lured to an electric pole erected on the premises, the land occupier owes that child a duty of reasonable care);

◗ *Loney v. Laramie Auto Co.*, 36 Wyo. 339, 255 P. 350, 53 A.L.R. 73 (1927) (Blume, C.J.) (auto repair garage customer's agent is an invitee as to whom auto repair garage proprietor owes duty of reasonable care);

◗ *Ramirez v. City of Cheyenne*, 34 Wyo. 67, 241 P. 710, 42 A.L.R. 245 (1925) (since landowner city did not contend that child was a trespasser, no reason existed to apply the attractive nuisance doctrine; child killed by a falling swing in a public park held to be a public invitee as to whom the landowner owes a duty of reasonable care);

As our case law reveals, the Wyoming landowner or occupier owes the invitee a duty of reasonable care and owes the licensee and the trespasser only a duty to refrain from willfully or wantonly injuring him or her. Generally speaking, this court

has not been particularly troubled in determining whether a trial court or jury properly defined the status of a given entrant. It is noteworthy, however, that this court struggled in *Redding* as it stretched to transparency the "economic benefit" test for determining "invitee" status to apply to a motor vehicle passenger who was injured after using landowner's restroom, which use was the only reason for her being on the premises.

Interestingly enough, none of this court's cases in this specific area of premise liability law has involved a social host-guest relationship such as the instant case presents to us. Thus, in that precise sense, this is a case of first impression. After thoroughly studying our case law, the case law from other jurisdictions, and the scholarly commentary in the treatises and legal periodicals, I have concluded, as did the Indiana Supreme Court recently in *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind.1991), "[m]uch of the discomfort in our recent premises liability decisions reflects a sense late in this century that the economic benefit test promotes injustice when applied to social guest cases." After a solid analysis of this issue, the *Burrell* court held, correctly in my view, that a social guest is an invitee and, thus, entitled to a duty of reasonable care from a landowner or occupier as that duty is defined in RESTATEMENT (SECOND) OF TORTS § 343 (1965).[3] *Burrell*, 569 N.E.2d at 643.

Striking to the heart of the issue, the *Burrell* court stated:

Courts have justified the exclusion of social guests from the invitee category on the basis that guests come only to receive their hosts' hospitality and therefore have *no right* to expect that the hosts will take more precautions for their safety than the hosts would ordinarily take for the safety of members of their own households. *This justification sim-*

*ply does not comport with modern social practices.*

*Burrell*, 569 N.E.2d at 643 (citations omitted) (emphasis added).

Continuing in its analysis, the Indiana court remarked:

As we see it, the reasons for the Restatement's use of an invitation-based test support requiring landowners to exercise reasonable care for the protection of their invited social guests. If a landowner induces a social guest to enter his land by express or reasonably implied invitation, then the landowner leads that guest, like any other entrant, to believe that the land has been prepared for his safety.

*Burrell*, 569 N.E.2d at 643. The *Burrell* analysis captures my thinking quite well. In this regard, I recall the words of Justice Cardozo who wrote:

I think that when a rule, after it has been duly tested by experience, has been found to be inconsistent with the sense of justice or with the social welfare, there should be less hesitation in frank avowal and full abandonment.  \* \* \* There should be greater readiness to abandon an untenable position when the rule to be discarded may not reasonably be supposed to have determined the conduct of the litigants, and particularly when in its origin it was the product of institutions or conditions which have gained a new significance or development with the progress of the years \* \* \*.

If judges have woefully misinterpreted the mores of their day, or if the mores of their day are no longer those of ours, they ought not to tie, in helpless submission, the hands of their successors.

BENJAMIN CARDOZO, THE NATURE OF THE JUDICIAL PROCESS, 120 (1921) (quoted in FRED W. CATLETT, THE DEVELOPMENT OF THE DOCTRINE

---

**3.** § 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should

realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

OF STARE DECISIS AND THE EXTENT TO WHICH IT SHOULD BE APPLIED, 21 Wash.L.Rev. 158, 166 (1946)).

Mrs. Clarke and her fellow Christmas party-goers were all individuals known to Mr. Beckwith, the landowner, and they came to his premises upon his express invitation. I conclude that he owed his expressly invited Christmas party guests a duty of reasonable care.

Although this conclusion removes a significant obstacle to the presentation of Mrs. Clarke's negligence action, another equally formidable one looms large, namely, the natural-accumulation-of-snow-and-ice rule. *See, Sherman v. Platte County*, 642 P.2d 787 (Wyo.1982). Under the application of this rule, a landowner's duty of reasonable care is suspended from opera-tion in the case of a natural accumulation of snow and ice on his or her premises. Recently, in *Eiselein v. K–Mart, Inc.*, No. 92–43, oral argument was heard on the question whether the natural-accumulation rule should be abolished. This court asked for re-briefing in that case by order dated June 25, 1993. Our decision in that case will, of course, significantly determine the future course of Mrs. Clarke's case upon remand.