Martha A. DOWNEN and James D. Downen, Appellants (Plaintiffs),

v.

SINCLAIR OIL CORPORATION, d/b/a Little America Travel Center, Appellee (Defendant).

No. 94–98.

Supreme Court of Wyoming.

Dec. 16, 1994.

David M. Piaia of Bussart, West, Rossetti, Piaia, and Tyler, P.C., Rock Springs, Larry A. Morgan of Morgan & Morgan, Inc., Oklahoma City, OK, for appellants.

Raymond W. Martin of Sundahl, Powers, Kapp & Martin, Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellants Martha and James Downen (Downens) appeal from a summary judgment granted to appellee Sinclair Oil Corporation, d/b/a Little America Travel Center (Sinclair). Downens had filed suit against Sinclair after Mrs. Downen slipped and fell in a shower at a Little America truckstop. The district court held there were no genuine issues of material fact, and Sinclair was entitled to summary judgment as a matter of law.

We affirm.

## ISSUES

Downens presented this question:

I.   Whether the District Court erred when it resolved the following fact issue as a matter of law by granting Sinclair Oil's Motion for Summary Judgment: Whether the combination of the large shower tile coated with a concentrated soapy cleaner and Sinclair Oil's failure to furnish a routinely provided nonslip shower mat constituted a breach of Sinclair Oil's duty to provide a reasonably safe shower facility which caused Martha Downen's fall and resulting disabling back injury.

Sinclair states the issues as:

I.   Can subject matter which is set forth for the first time in a WRCP 60(b)(2) motion to the trial court, and which is filed simultaneously with an appeal, provide a factual basis upon which a summary judgment can be reversed?

II.   Does an expert's conclusory affidavit, which is provided five days prior to the

filing of an appeal, constitute newly discovered evidence under WRCP 60(b)(2)?

III. Did Plaintiffs act with due diligence as required by WRCP 60(b)(2)?

IV. Did the trial court abuse its discretion in granting Defendant's Motion For Summary Judgment?

## FACTS

Downens, a husband and wife long haul truck driving team, purchased fuel at Sinclair's Little America Travel Center in Sweetwater County, Wyoming, on February 10, 1990. Little America provides private locked rooms which include an outer dressing room and a separate bathroom/shower facility at no charge to truck drivers who purchase fuel at the station. Downens obtained a shower room and Mrs. Downen prepared to shower first. Wearing shower thongs, she stepped into the shower on one foot and as she stepped down with the other foot, both feet slipped and she fell down into the shower striking her back against the lip of the shower. Mrs. Downen had grasped the shower curtain but was unable to break her fall. Her husband assisted her after she fell and then each took their showers.

After showering and dressing, the couple notified the fuel manager of the incident and completed an incident report. Mrs. Downen was later treated in Evanston for pain from a back injury. In 1993, Downens filed suit alleging five claims. The parties stipulated to dismissal of all claims except negligence and Mr. Downen's claim of loss of consortium.

Discovery revealed that Little America's showers have large ceramic tile which are cleaned regularly with a commercial cleaner, "Quick Clean," but not waxed, and which are wiped dry after each use. The shower in which Mrs. Downen fell did not have a handrail, bath mat, or a warning sign. In deposition testimony, both Mr. and Mrs. Downen stated the facilities were clean and in good order, the faucets did not leak, the floor of the shower was dry, there were no foreign substances on the floor, and neither saw anything which would cause them to think it was unsafe to step into the shower. Mrs. Downen did not turn on the water before entering the shower. Mr. Downen also observed that the floor was clean and dry when he assisted Mrs. Downen after the fall.

Mrs. Downen believed this shower compared favorably with other truckstop showers the two routinely used over a twelve-year period, and the lack of a bath mat or handrail was not unusual. She stated that Little America's use of large ceramic tile differed from other showers which used either a rough cement floor or smaller tile. She had previously showered at Little America showers but did not remember if bath mats had been provided. Although Mrs. Downen stated she did not feel the tile, it was her belief the floor must be slippery because she fell and it looked shiny. In her opinion, the tile was probably slippery from a cleaning agent. Mrs. Downen also testified that two employees told her that a bath mat should have been inside the shower. It was undisputed that the defendant had not experienced any prior slip and fall accidents in the trucker showers.

Sinclair filed a motion for summary judgment which the district court considered and granted upon finding failure by the Downens to show any reason for Mrs. Downen's fall. The court found as a matter of law that Sinclair had not breached any duty and entered an order of summary judgment. Downens timely filed an appeal of that order with this court; however, they later filed a WYO. R.CIV.P. 60(b)(2) motion for relief from the order of summary judgment with the district court because of newly discovered evidence. That evidence consists of one affidavit of an expert who concluded the tile was rendered unsafe by Sinclair's method of using "Quick Clean." The motion is pending before the district court.

## DISCUSSION

STANDARD OF REVIEW

■ We review a summary judgment in the same light as did the district court, and we use the same materials, at least to the extent they appear in the record on appeal, as did the district court. "Summary judgment is proper when no genuine issues of

material fact exist, and the prevailing party is entitled to judgment as a matter of law." *Eiselein v. K–Mart, Inc.,* 868 P.2d 893, 894 (Wyo.1994). "When reviewing the propriety of a grant of summary judgment, we review the record in the light most favorable to the party opposing the motion, giving that party all favorable inferences that can be drawn from the facts." *Lynch v. Norton Constr.,* 861 P.2d 1095, 1097 (Wyo.1993). "If no issue of material fact is found to exist, summary judgment is appropriate, even in a negligence case." *Lynch,* 861 P.2d at 1097 (quoting *Brown v. Avery,* 850 P.2d 612, 614 (Wyo. 1993)).

PREMISES LIABILITY

A business visitor-invitee[1] is a person invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. *Mostert v. CBL & Assoc.,* 741 P.2d 1090, 1094 (Wyo.1987). *See Yalowizer v. Husky Oil Co.,* 629 P.2d 465, 467 (1981). A possessor of land owes a duty of reasonable care under all of the circumstances, *Drew v. LeJay's Sportsmen's Cafe, Inc.,* 806 P.2d 301, 306, 2 A.L.R.5th 1172 (Wyo.1991), and should maintain the premises in a reasonably safe condition. *Eiselein,* 868 P.2d at 895.

The relevant portion of Downens' complaint alleged negligence for failure to exercise ordinary care and maintenance of the shower floor surface, failure to warn, failure to provide a rubber mat, failure to provide a handrail, and failure of inspection. In moving for summary judgment, Sinclair asserted there was no evidence that Mrs. Downen fell because of any unsafe condition, there was no evidence of negligence, just conjecture, there was no duty to provide handrails or bath mats and there was no evidence that any breach of duty had proximately caused her injuries.

In opposing the motion, the Downens contended Sinclair had breached duties by failing to provide rubber shower mats which were usually provided and by failing to warn

about the lack of this safety device. Downens limited their trial brief to these two issues, claiming each presented a genuine issue of material fact as to whether a duty owed had been breached which precluded summary judgment since a factfinder must resolve these issues. They cited to *Wells v. Howard,* 165 Colo. 471, 439 P.2d 997 (1968) for the proposition that these issues must be submitted to a jury. Now, on appeal and in response to findings in the district court's order, they argue additional issues concerning whether a foreign substance caused the floor to be slippery. Specifically, they allege Sinclair's improper dilution of the cleaner "Quick Clean" and its failure to rinse away the cleaner caused the floor to be slippery.

The district court found there was no evidence of a specific hazard involved or evidence that Mrs. Downen had slipped on anything. Instead, the evidence showed the tile was clean, dry and free of any foreign substance, and Sinclair had provided a reasonably safe shower free of any hidden dangers. The district court found no duty to provide a bath mat or handrails and found no evidence Sinclair had negligently acted or failed to act and caused Mrs. Downen's fall. The court held reasonable minds could not disagree with this conclusion.

### 1. Evidence of a Foreign Substance

On appeal, the Downens challenge two of the district court's findings, numbers five and six:

5. Little America has the shower units wiped dry after each use. They are cleaned regularly with "Quick Clean" a commonly used commercial cleaner, specifically recommended for floors and bathroom tile. They do not wax the shower floors.

6. The dressing room and shower unit used by plaintiffs was clean and in good order. The faucets did not leak. The floor of the shower was dry. There were no foreign substances on the floor.

---

1. In *Clarke v. Beckwith,* 858 P.2d 293 (Wyo.1993) this court standardized an owner's duty by abolishing the classifications of invitees and licensees. That decision ruled that an owner owes a duty of reasonable care under the circumstances to an entrant who is not a trespasser. *Id.* at 296. However, *Clarke* applies prospectively, *Id.* at 296, and is not applicable to this case.

Downens argue that "Quick Clean" is a foreign substance and point to interrogatory and deposition answers that the cleaner was applied and wiped dry. Downens characterize these answers as admissions the cleaner was not rinsed from the showers and, therefore, evidence that the shower floor was coated with a foreign substance. They argue that since it is disputed whether there was a foreign substance on the floor, summary judgment was inappropriate and should be reversed.

The record reveals the court concluded there was no evidence of a foreign substance based on deposition testimony. Mrs. Downen stated:

Q. Were there any foreign substances on the floor?

A. No. Not that I could see.

      \*     \*     \*     \*     \*     \*

Q. Did you ever touch the surface with your hands to determine—

A. To insure that it was dry?

Q. No, to determine if it was slick for any reason?

A. No, just like I said, it looked so shiny and clean, just—

Q. So you are basing your opinion that it was slippery on the fact that you fell?

A. That I fell, yes.

Q. Anything else?

A. I don't know, you know, the type of cleaning agents that they might have used or anything else about it so I can't, you know, I can't give you any kind of opinion on that.

■ After a movant has adequately supported the motion for summary judgment, the opposing party must come forward with competent evidence admissible at trial showing there are genuine issues of material fact. Wyo.R.Civ.P. 56(e); *Hyatt v. Big Horn Sch. Dist. No. 4*, 636 P.2d 525, 528 (Wyo.1981). The opposing party must affirmatively set forth material, specific facts in opposition to a motion for summary judgment, *Boehm v. Cody Country Chamber of Commerce*, 748 P.2d 704, 710 (Wyo.1987), and cannot rely

only upon allegations and pleadings, *Hyatt*, 636 P.2d at 530, and conclusory statements or mere opinions are insufficient to satisfy the opposing party's burden. *Boehm*, 748 P.2d at 710.

Downens' brief in opposition to the summary judgment motion did not argue the issue of whether there was any foreign object or substances present and did not reference any specific facts that a foreign substance was present. Our review of Downens' supporting materials [2] and all other materials before the district court did not reveal any specific facts that a foreign substance was present. There is not any evidence the floor was coated with cleaner · or the floor was slippery. Our review indicates Downens never asked whether the floor was rinsed after the cleaner was applied, and the deposition testimony does not support their assertion that the floor was not rinsed.

■ Mrs. Downen's opinion that the floor must have been slippery because she fell and because it looked shiny is not specific factual evidence that a foreign substance was present. *See LaBart v. Hotel Vendome Corp.*, 213 F.Supp. 958, 959 (D.Mass.1963). Mrs. Downen's belief that a cleaner might have caused the floor to be slippery is also not specific, factual evidence. *See Pearce v. Motel 6, Inc.*, 28 Wash.App. 474, 624 P.2d 215, 218 (1981). Mrs. Downen's factually unsupported statements or opinions are insufficient to satisfy her burden in opposing summary judgment. *Bluejacket v. Carney*, 550 P.2d 494, 497 (Wyo.1976) (*the plaintiff must show a reason for slipping and falling*). The district court correctly determined the foreign substance evidence did not present a genuine issue of material fact as to whether Sinclair had negligently acted or failed to act. ·

### 2. Foreseeability

Downens next argue it was foreseeable the floor would be slippery because the shower floor was tiled with large ceramic tile and coated with a concentrated soapy cleaner. They allege three factors combined to create foreseeability: other trucker showers were

---

**2.** Here, Downens reference supporting materials to their Rule 60 motion. Because we may only

consider what was before the district court, those materials are not properly before this court.

tiled with much smaller tile or a rough cement floor, Sinclair employees testified the showers were cleaned with a dilution measuring three gallons of water to one gallon of "Quick Clean" but did not mention if the showers were then rinsed, and Quick Clean instructions directed the floor should be rinsed when an amount greater than two ounces of cleaner to one gallon of water was used.

In these statements Downens continue to assert, without evidence, that Sinclair acted negligently in using the cleaner and caused the floor to be slippery which, in turn, caused Mrs. Downen's fall and injury. Negligence and proximate cause are never presumed from the happening of an accident, and mere conjecture cannot form the basis of liability. *DeWald v. State*, 719 P.2d 643, 652 (Wyo.1986) (citing *Apperson v. Kay*, 546 P.2d 995, 998 (Wyo.1976)). Without evidence of actions rendering the floor unsafe, Downens' foreseeability argument cannot prevail because it is based upon conjecture; holding otherwise presumes negligence because an accident happened. Furthermore, Downens do not present any specific facts that any danger or condition was present or known or discoverable which would establish a duty on the basis of foreseeability. As the district court found,[3] the only evidence presented was to the contrary and showed Sinclair had no prior slip and fall accidents in the trucker showers.

### 3. *Proximate Causation*

Finally, Downens argue that whether Sinclair breached its duty to provide a reasonably safe shower facility when it failed to furnish routinely provided shower mats and failed to inspect the shower and discover that the shower mat was missing is a question of fact for the jury. It is an uncontroverted fact that a shower mat was not provided. However, Downens do not present evidence this omission proximately caused Mrs. Downen's fall.

The elements of a cause of action for negligence are: 1) a duty owed to the plaintiff, 2) breach of the duty by the defendant 3) proximately causing 4) injuries to the plaintiff. *Lynch*, 861 P.2d at 1099. The proximate cause element requires that the injury producing event be the natural and probable consequence of the act of negligence. The element's presence is normally a question of fact, unless the evidence is such that reasonable minds could not disagree. *Lynch* at 1099. Summary judgment will be sustained if causation is clearly refuted by positive evidence contained in discovery materials. *Bettencourt v. Pride Well Services*, 735 P.2d 722, 729 (Wyo.1987). The uncontradicted evidence in this case establishes that Mrs. Downen slipped on a dry, clean floor, free of any foreign substance. "Where the causal connection between defendant's acts and plaintiff's damage is almost entirely subject to conjecture and speculation, summary judgment may be proper." *DeWald*, 719 P.2d at 643. The Downens, apparently believing the omission of supplying a bath mat is sufficient to show a causal relation exists, do not explain how it can be inferred that the lack of a bath mat in this situation was a substantial factor in causing Mrs. Downen's slip and fall.

However, in *Bettencourt* we found the following to be an accurate rule of law:

If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion might be permissible that the causal relation exists.

*Bettencourt*, 735 P.2d at 728 (quoting W. PAGE KEETON ET AL. ON PROSSER & KEETON ON THE LAW OF TORTS § 41, at 269–70 (5th ed. 1984). In this case, Downens do not argue and we do not find that, in the ordinary experience, the absence of a bath mat can be expected to cause a fall in a shower. We conclude a causal relation does not exist. *See Bluejacket*, 550 P.2d at 497. The trial

---

**3.** Downens attempted to dispute this uncontroverted finding in their motion to reconsider. They claim the witness' testimony is correctly perceived as "evasive" on the issue of whether there had been previous slip and fall accidents and asked the court to consider the witness' "credibility for purposes of this motion." Again, their burden was to supply specific facts which would controvert the evidence that there had been no slip and fall accidents. Credibility cannot be weighed on summary judgment.

court did not err in finding Downens' argument was conjecture and speculation.

## CONCLUSION

Downens failed to identify facts demonstrating a genuine issue of material fact existed concerning negligence. Failure to present specific facts does not satisfy the burden for opposing a summary judgment motion. The district court's grant of summary judgment to Sinclair is affirmed.