Helen THIELE, Plaintiff/Appellant,

v.

Michael RIETER, d/b/a The On Broadway Bistro, and Pat Rieter, d/b/a The On Broadway Bistro, Defendants/Respondents.

No. 60542.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Case Transferred to Supreme Court April 21, 1992.

Case Retransferred to Court of Appeals Oct. 27, 1992.

Original Opinion Reinstated Nov. 13, 1992.

Mary Elizabeth Coffey, John J. Frank, Joseph A. Frank, St. Louis, for plaintiff/appellant.

Jeffrey L. Cramer, T. Michael Ward, St. Louis, for defendants/respondents.

GARY M. GAERTNER, Judge.

Appellant, Helen Thiele, the mother of the decedent, John Thiele, appeals from an order of the Circuit Court of the City of St. Louis sustaining respondents', Michael and Pat Rieter's, d/b/a The On Broadway Bistro's, motion to dismiss for failure to state a claim in this wrongful death action. We affirm.

In reviewing a motion to dismiss for failure to state a claim, appellate courts accept as true all facts properly pleaded and all reasonable inferences therefrom. *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988). A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief. *Id.*

Under this standard, the facts in the present case reveal that, on October 20, 1990, the decedent was a customer at respondents' bar, The On Broadway Bistro, at 5300 North Broadway in the City of St. Louis. Upon leaving the bar, "and while he was on property which [respondents'] customers were required to cross in order to get to their cars" the decedent was shot and killed. The petition does not allege what form this piece of property took, i.e., whether it was a vacant lot, a sidewalk or city street.[1] However, appellant does not allege anywhere in the petition that this piece of property was owned or under the control of respondents.

On March 4, 1991, appellant filed a petition in the circuit court alleging that respondents were negligent because they knew or should have known that their business exposed customers to an unreasonable risk of violent attack by criminals due to its placement in a high crime area. Appellant further alleged that respondents assumed a duty to protect their customers when they hired a uniformed St. Louis City police officer to patrol the outside of the bar and that they negligently failed to perform this duty.

On April 16, 1991, respondents filed a motion to dismiss the petition for failure to state a claim. The motion was argued on May 28, 1991, and, on June 13, 1991, the court entered its order granting the motion to dismiss. This appeal followed.

A petition seeking damages for negligence must allege ultimate facts which, if proven, show: 1) the existence of a duty on the part of the defendant to protect the plaintiff from injuries; 2) a breach of that duty; 3) causation; and 4) injury to the plaintiff. *Madden,* 758 S.W.2d at 61. As a general rule, there is no duty to protect business invitees from the criminal acts of unknown third persons. *Id.* However, a duty to exercise care may be imposed by common law due to obligations from "special relationships" or "special facts and circumstances." *Faheen by Hebron v. City Parking Corp.,* 734 S.W.2d 270, 272 (Mo.App., E.D.1987).

A special relationship exists where a party entrusts himself to the protection of another and relies on that person to provide a place of safety. *Faheen,* 734 S.W.2d at 272. Such relationships include innkeeper-guest, common carrier-passenger, school-student, and sometimes employer-employee. *Id.*

1. Appellant advised this court at oral argument that the property was a vacant lot.

■ The relationship in the present case is not included in the list of those recognized in Missouri which, in themselves, give rise to a duty to protect. The relationship in this case may, nonetheless, give rise to a duty to protect if special facts exist. *Id.* The special facts exception includes two possible theories of liability: (1) an intentional infliction of injury by known and identifiable third persons; or (2) frequent and recent occurrences of violent crime against persons on the premises by unknown assailants. *Id.* Under the first exception, persons known to be violent are present on the premises of the business or an individual conducts himself in such a manner as to indicate danger and sufficient time exists to prevent injury. *Id.* at 273. Under the second exception, the attacker is unknown but, due to prior attacks on the premises, a duty arises to protect invitees because subsequent attacks become foreseeable. *Madden,* 758 S.W.2d at 62. Both of these exceptions only relate to attacks on the premises.

■ The problem with the present case is that there is no allegation that the decedent was attacked on the respondents' premises or even on property under the control of the respondents. Indeed, in her brief, appellant acknowledges that the attack did not occur on respondents' property.

Appellant contends that whether or not the attack occurred on respondents' property is irrelevant, citing this court to *Associated Dry Goods Corp. v. Drake,* 394 F.2d 637 (8th Cir.1968). However, *Drake* is completely distinguishable from the case at bar. In *Drake,* the plaintiff slipped down stairs leading into a Stix, Baer and Fuller Store in downtown St. Louis. The Eighth Circuit noted that the liability of the store attached to accidents occurring on the premises "or its approaches." *Drake,* 394 F.2d at 641. In the present case, we do not have an allegation that the decedent was attacked on steps leading to the tavern or even on the sidewalk adjacent to the tavern. *See Vann v. Town Topic, Inc.,* 780 S.W.2d 659, 663 (Mo.App., W.D.1989) (Lowenstein, J., dissenting). Instead, appellant merely alleged that the attack occurred on property decedent had to cross to get to the respondents' place of business. This type of allegation encompasses a myriad of possibilities including city streets and lots belonging to other parties.

The Restatement (Second) of Torts § 314 A states, in relevant part:

§ 314 A. Special Relations Giving Rise to Duty to Aid or Protect

(1) A common carrier is under a duty to its passengers to take reasonable action

(a) to protect them against unreasonable risk of physical harm, and

(b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others....

(3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.

Comment C to § 314 A states:

c. The rules stated in this Section apply only where the relation exists between the parties, and the risk of harm, or of further harm, arises in the course of that relation. A carrier is under no duty to one who has left the vehicle and ceased to be a passenger, nor is an innkeeper under a duty to a guest who is injured or endangered while he is away from the premises. *Nor is a possessor of land under any such duty to one who has ceased to be an invitee.* (emphasis added)

In *St. Phillips v. O'Donnell,* 484 N.E.2d 1209 (Ill.Ct.App.1985), the plaintiff was assaulted on the parking lot outside the defendant's tavern. The Illinois Court of Appeals applied comment C to section 314 A of the Restatement (Second) of Torts and held that, as the parking lot was not owned or controlled by the tavern, the tavern owed no duty to protect the plaintiff once the plaintiff left the tavern. *St. Phillips,* 484 N.E.2d at 1212.

A similar result was reached in *Mitchell v. Archibald & Kendall, Inc.,* 573 F.2d 429 (7th Cir.1978). In *Mitchell,* the plaintiff was told to park his truck across the street from the defendant's store. Soon after doing so, the plaintiff was shot in the face. The Seventh Circuit held that, because the

attack did not occur on the defendant's premises, the defendant was not liable. *Mitchell,* 573 F.2d at 438.

Finally, in *Wofford v. Kennedy's 2nd Street Co.,* 649 S.W.2d 912 (Mo.App., E.D. 1983), the plaintiff was parked on the street around the corner from the defendant's tavern. *Kennedy's,* 649 S.W.2d at 914. After leaving the tavern, the plaintiff was attacked, beaten and raped. *Id.* at 913. This court held that, as the attack had not occurred on the premises of the defendant, the defendant was not liable for the plaintiff's damages. *Id.* at 914.

Respondents owed no special duty to protect the decedent. Point denied.

Appellant also contends that the respondents assumed a duty to protect the decedent because it hired off-duty police officers to patrol the area outside the tavern. We disagree.

 There can be no doubt that a defendant may voluntarily assume a duty to protect the safety of an invitee. *Keenan v. Miriam Foundation,* 784 S.W.2d 298, 303 (Mo.App., E.D.1990). Once such a duty is assumed, the defendant must exercise reasonable care. *Id.*

In *Keenan,* the plaintiff took items to the defendant's premises to donate them to charity. The plaintiff was directed by the defendant to take the items around the back of the building. When the plaintiff hesitated due to her fear of the high crime in the area, the defendant assured the plaintiff that someone would always be with her and that she would not be in danger. The plaintiff was later attacked in the back of the building when some of the defendant's workers were inside. This court held that the defendant, by its oral assurances of safety, had assumed the duty to protect the plaintiff. *Id.* at 304.

*Keenan* is distinguishable from the case at bar. In *Keenan,* express assurances of safety were given. Here, no such assurances were made. Further, there are no allegations that appellant relied on the presence of the uniformed police officer for his protection. In addition, we note that in *Keenan,* the assault occurred on the defendant's property. To grant appellant her position in this case, is to hold that a property owner could assume a duty to protect an invitee, not only on his own property, but also on property belonging to a third party or even property belonging to the State—even if the defendant has absolutely no control whatsoever over that property. We believe that such a decision, if it is ever to be made, is better left to the legislature and not to the courts.

The decision of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.