**Willie Mae MILLER, Appellant,**

v.

**SOUTH COUNTY CENTER, INC., and Dillard Department Stores, Inc., Respondents.**

**No. 62036.**

Missouri Court of Appeals, Eastern District, Division Four.

July 6, 1993.

John Scott Wallach, Christopher J. Carenza, St. Louis, for appellant.

Eugene K. Buckley, St. Louis, for respondents.

CRAHAN, Judge.

Plaintiff appeals from the grant of summary judgment for Defendants, South County Center, Inc. ("South County") and Dillard Department Stores, Inc. ("Dillard's") in a negligence action arising from an assault by unidentified assailants which occurred on Defendants' premises. The undisputed evidence before the trial court was that there had been no prior instances of criminal activity on the premises. We affirm.

The petition alleges that on October 11, 1984, at approximately 5:00 p.m., as Plaintiff was exiting the Dillard's department store located at South County Center, two males followed her onto the parking lot, forced her into her vehicle, and proceeded to assault, beat and rob her as they drove around the parking lot. During the attack, which lasted approximately thirty minutes, Plaintiff suffered severe injuries and disfigurement. The assailants were never identified.

On November 20, 1989, Plaintiff filed a civil action against South County and Dillard's alleging Defendants were negligent in failing to warn or protect her when they knew or should have known of the risk of criminal activity on the premises. Plaintiff also alleged that Defendants failed to intervene and rescue her from the criminal attack when they knew or should have known the attack was taking place.

After conducting discovery, Defendants filed a joint motion for summary judgment. In support of this motion, Defendants filed the following: (1) excerpts from the deposition of John Bernstetter, the security supervisor for South County since 1980, who testified that he was not aware of any robberies, violent acts, or violent crimes committed on South County's parking lot; and (2) Plaintiff's response to interrogatories, stating that she had no knowledge of any prior crimes occurring on South County's parking lot or in Dillard's store and that she knew of no one else who had knowledge of or who had witnessed the attack upon her or other criminal activity occurring on the parking lot prior to this attack. Based on these materials, Defendants asserted there was no genuine issue of material fact that there had been no prior instances of violent crimes on the premises. Defendants maintained that they were therefore entitled to judgment as a matter of law because Plaintiff could not establish that they had any duty to protect her from assaults by unknown third party attackers. Specifically, there was no evidence of any prior specific incidents of violent crime occurring on the premises which would put Defendants on notice, either actual or constructive, that there was a likelihood that third persons would endanger the safety of their business invitees. Nor was there any evidence that Defendant

knew or should have known of the particular attack upon Plaintiff.

Plaintiff did not file any opposing affidavits or even a brief in opposition. On May 4, 1992, summary judgment was entered in favor of Defendants. Plaintiff now appeals from this judgment.[1]

■ In reviewing the entry of summary judgment, this Court must review the record in the light most favorable to the party against whom summary judgment was granted. *Union Mutual Insurance Co. v. Brown*, 809 S.W.2d 144 (Mo.App.1991). However, facts set forth in the moving party's affidavit or verified exhibits in support of its motion to which the opponent files no verified denial stand admitted for purposes of ruling on the motion. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978).

■ A defending party may establish a right to summary judgment as a matter of law by showing (1) facts that negate *any one* of the claimant's elements of recovery, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993).

■ A petition seeking damages for negligence must allege ultimate facts which, if proven, show: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) a breach of that duty, (3) causation, and (4) injury to the plaintiff. *Madden v. C & K Barbecue Car-*

*ryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988); *Thiele v. Rieter*, 838 S.W.2d 441, 442 (Mo.App.1992). As indicated above, Defendants contend summary judgment was proper because Plaintiff is unable to establish a necessary element of her claim—the existence of a duty to protect Plaintiff.

■ As a general rule, the owner of a business property has no duty to protect an invitee from a deliberate criminal attack by a third person. *Keenan v. Miriam Foundation*, 784 S.W.2d 298, 301 (Mo.App.1990). However, there are exceptions to the general rule. The owner of business property may be liable when "special relationships" or "special facts and circumstances" exist. *Meadows v. Friedman R.R. Salvage Warehouse*, 655 S.W.2d 718, 721 (Mo.App.1983); *Faheen by Hebron v. City Parking Corp.*, 734 S.W.2d 270, 272 (Mo.App.1987). "Special relationships" exist where a party entrusts himself to the protection of another and relies upon that person to provide a place of safety. *Faheen*, 734 S.W.2d at 272. Such relationships include innkeeper-guest, common carrier-passenger, school-student, and sometimes, employer-employee. *Id.*

■ The relationship in the present case is not one of those recognized in Missouri which, in themselves, give rise to a duty to protect. Nonetheless, the relationship in this case may give rise to a duty to protect if "special facts and circumstances" exist. This exception includes two possible theories of liability: (1) an intentional infliction of injury by known and identifiable third persons; or (2) frequent and recent occurrences of violent crimes against persons on the premises by unknown assailants. *Id.* Under the second theory, known as the "violent crimes" exception, the at-

---

**1.** Plaintiff's brief could have been stricken for failure to comply with Rule 84.04 in that there are no citations to the record in Plaintiff's Statement of Facts (which also contains "facts" not supported by the record) and Plaintiff's Points Relied On fail to direct our attention to any material in the record giving rise to a genuine issue of material fact (*i.e.*, the "wherein" component). *See Thummel v. King*, 570 S.W.2d 679, 684–90 (Mo. banc 1978). Solely as a matter of

discretion, we have elected to consider what we understand to be Plaintiff's principal points on appeal. In order to avoid prejudice to Defendants, however, we will limit our consideration to the arguments recognized and addressed in Defendants' brief. *See Bi–State Dev. Agency v. Nikodem*, No. 62141, —— S.W.2d ——, ——–—— (Mo.App.E.D., June 29, 1993), Slip Op. at 4–6.

tacker is unknown but, due to prior attacks on the premises, a duty arises to protect invitees because subsequent attacks now become foreseeable. *Madden,* 758 S.W.2d at 62.

■ There is no dispute that Plaintiff is unable to point to any prior violent attacks occurring on the premises. Nevertheless, in an attempt to overcome the imposition of summary judgment, Plaintiff argues that, as a matter of law, a showing of prior violent attacks is no longer required in Missouri in order to impose liability upon a business landowner. In support of her position, Plaintiff relies upon dicta from *Becker v. Diamond Parking, Inc.,* 768 S.W.2d 169 (Mo.App.1989) to the effect that the Supreme Court's decision in *Madden v. C & K Barbecue Carryout, Inc.* essentially changed the "focus of premises liability cases from the special circumstances and special relationship criteria to the concept of what is foreseeable." Seizing upon this language, Plaintiff argues the fact that Defendants took affirmative security measures indicates that they were aware of the potential risk of crime that could be perpetrated on their invitees. Thus, Plaintiff reasons, it was "foreseeable" to them that a business invitee could walk onto the parking lot and interrupt some type of criminal activity in progress. Therefore, a duty to protect should be imposed.

*Madden* involved consolidated appeals from lower court rulings dismissing a petition for failure to state a claim in one case and sustaining a defendant's motion for summary judgment in the other. In each instance, the lower court's ruling was based on a determination that the plaintiff had failed to establish any duty on the part of the defendants to protect against or warn of intentionally harmful acts by unknown third parties. Both rulings were reversed. In support of its holdings, the Missouri Supreme Court cited and relied upon *Brown v. National Supermarkets,* 679 S.W.2d 307, 309 (Mo.App.1984) and *Virginia D. v. Madesco Investment Corp.,*

648 S.W.2d 881, 888 (Mo. banc 1983)[2] for the proposition that evidence of prior criminal incidents occurring on the defendant's premises may be deemed sufficient to constitute special facts giving rise to a duty to protect patrons from the criminal assaults of unknown third parties. 758 S.W.2d at 62. The court also cited with approval, and as consistent with its holding, the rule established in the *Restatement (Second) of Torts,* Section 344, Comment f, which the court interpreted as authorizing a finding of a duty to protect business invitees "when the landowner knows *or has reason to know from past experience* that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of visitors, even if the landowner has no reason to expect harmful conduct on the part of any particular individuals." *Id.* (emphasis added).

Applying this rule to the consolidated cases before it in *Madden,* the Missouri Supreme Court held that the allegations in the petition in the first case asserted numerous prior violent crimes against persons on the defendant's property which were sufficient to put the defendant on notice of the possibility that his invitees might be exposed to criminal attacks of the type which had occurred. *Id.* at 62–63. Likewise, the court held that an affidavit submitted by the plaintiff in the second case setting forth numerous prior violent crimes was sufficient to establish a duty of care on the part of the defendants to protect against or warn invitees of the possibility of criminal attacks. *Id.* at 63.

In *Becker,* the Missouri Court of Appeals, Western District applied *Madden* in reversing summary judgment against a plaintiff who had similarly provided evidence of prior criminal incidents, known to the defendant, occurring at the location of the alleged attack on plaintiff. These included a nearly identical incident just three weeks prior to the attack upon the plaintiff. Based on this evidence, the court found that the plaintiff had made a sufficient

---

**2.** The court noted, however, that the duty recognized in *Virginia D.* was also based in part on a "special relationship" between the plaintiff and

defendant. 758 S.W.2d at 62. There is no allegation of any "special relationship" in this case.

showing of defendant's actual notice of prior criminal incidents to give rise to a duty on the part of the defendant to guard against or warn of such activity. 768 S.W.2d at 171. Although the court in *Becker* did express the view that *Madden* "changed the focus of premises liability cases from the special circumstances and special relationship criteria to the concept of what is foreseeable," such discussion is mere *dicta* and, in our view, is not supported by the court's discussion or holdings in *Madden*. In fact, the cases subsequent to *Madden* have uniformly required a showing of prior criminal incidents before a duty upon a business owner to protect or warn its invitees will be imposed as a matter of law. *See, e.g., Keesee v. Freeman*, 772 S.W.2d 663, 669 (Mo.App.1989); *Keenan v. Miriam Foundation*, 784 S.W.2d 298, 303 (Mo.App.1990); *Claybon v. Midwest Petroleum Co.*, 819 S.W.2d 742, 747 (Mo.App.1991).

In any event, nothing in the record before the trial court in this case even remotely supports a finding that Defendants knew or should have known of the likelihood of a violent attack such as has been alleged by Plaintiff. The undisputed record before the trial court indicates that there had been no prior criminal activity, serious or otherwise.

Plaintiff asserts, nevertheless, that foreseeability, and a concomitant duty on the part of Defendants, can be inferred in this case from the fact that Defendant South County employed security guards to patrol its parking lot. We disagree for two reasons. First, neither the allegations of the petition nor the record before the trial court mention the existence of security guards, or when or why they were deployed. Although Plaintiff sought leave in this court to supplement the record with deposition testimony about Defendant South County's use and deployment of security guards, such testimony was not called to the attention of the trial court in ruling on Defendants' motion and cannot be considered on appeal. *See Jones v. Keller*, 850 S.W.2d 383 (Mo.App.1993); *Miller v. River Hills Development*, 831 S.W.2d

756, 758 (Mo.App.1992). Second, even assuming that Defendants' employment of security guards was established by the record, we disagree that such conduct, standing alone, could support the necessary finding of a *duty* to guard against or warn of the alleged attack upon Plaintiff here. Absent any evidence of previous criminal activity, the presence of security guards surely cannot be viewed as enhancing the likelihood of such attacks so as to support a finding of foreseeability. Nor in our view would sound public policy permit the inference Plaintiff apparently would have us draw that Defendants' employment of security guards means Defendants knew or should have known criminal attacks were to be expected. To impose liability on such basis would discourage landowners from taking greater precautions than the law requires. To infer a duty from the mere fact of hiring security guards is no more legitimate than inferring a duty from the fact that a defendant purchases insurance. Greater prudence than the law otherwise requires is not a proper basis for the imposition of a duty; it is conduct society seeks to encourage.

In *Thiele v. Rieter*, 838 S.W.2d 441 (Mo.App.1992), this court considered and rejected a similar contention. In *Thiele*, the plaintiff argued that the defendants had assumed a duty to protect because it had hired off-duty police officers to patrol the area outside the tavern. The court held that the bar owner did not voluntarily assume a duty to protect the invitee's safety merely by securing the presence of uniformed police officers. The court analyzed the issue under the criteria discussed in *Keenan v. Miriam Foundation, supra*. *Thiele*, 838 S.W.2d at 444.

In *Keenan*, the plaintiff took items to defendant's premises to donate them to charity and was directed by the defendant to take them around to the back of the building. When the plaintiff expressed fear for her safety, the defendant assured her that someone would always be with her and that she would not be in any danger. The plaintiff was later attacked in the back of the building when left alone. This court

held that the defendant, *by its assurances of safety*, had assumed a duty to protect the plaintiff. *Id.* at 304.

The present case is similar to *Thiele* and distinguishable from *Keenan*. In *Keenan*, express assurances of safety were given. Here, no such assurances were made. Furthermore, there are no allegations that Plaintiff relied on the presence of the security guards for her protection. Unlike the situation in *Keenan*, Defendants did not affirmatively invite Plaintiff to an area it represented to be safe or affirmatively promise her safety while there. Plaintiff was a member of the general public who happened to be in an area frequented by other members of the general public.

Thus, in the present case, it is clear that Plaintiff was required to present evidence of frequent or recent incidents of violent crimes against persons occurring on the premises in order to prove the existence of a duty on the part of the Defendants. The depositions and interrogatories on file establish that no such incidents had occurred. Therefore, Plaintiff failed to establish a necessary element of her claim and summary judgment was properly entered.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.