Lottie H. KIMBROUGH,
Plaintiff/Respondent,

v.

J.R.J. REAL ESTATE INVESTMENTS,
INC., Defendant/Appellant.

No. 69262.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 29, 1996.

Irl B. Baris, St. Louis, for Defendant/Appellant.

Andrew O'Brien, The Holloran Law Firm, St. Louis, for Plaintiff/Respondent.

CRANE, Presiding Judge.

Defendant landlord appeals judgment in favor of plaintiff tenant for damages for injuries resulting from leaks in a common plumb-

ing system. Defendant contends plaintiff failed to make a submissible case in that plaintiff failed to adduce any evidence that leaks in a common plumbing system caused the unsafe condition which injured plaintiff. We agree and reverse.

Plaintiff, Lottie H. Kimbrough, filed an action in five counts against her landlord, defendant J.R.J. Real Estate Investments, Inc., to recover damages for injuries suffered when her apartment ceiling fell on her. In Count I, the only count submitted to the jury, she alleged that leaks in the building's common plumbing system caused the ceiling to become wet and fall on her. The jury found defendant 100% at fault and awarded plaintiff damages in the amount of $20,-000.00. The trial court entered judgment in accord with the verdict.

For its first point defendant claims the trial court erred in denying its motion for directed verdict and in denying its motion for judgment notwithstanding the verdict (judgment n.o.v.). Defendant argues that plaintiff failed to produce any evidence that there was a defect in a common plumbing system which defendant had a duty to repair and which caused the condition that injured plaintiff. Defendant also contends that the trial court erred in admitting an out-of-court statement of a person who identified himself as acting on behalf of defendant's management company. We find the first point dispositive because plaintiff failed to make a submissible case that the wet ceiling was caused by leaks in a common plumbing system.

■■■■ A motion for judgment n.o.v. presents the same issue as a motion for a directed verdict at the close of all of the evidence: whether plaintiff made a submissible case. *Wells v. Orthwein,* 670 S.W.2d 529, 532 (Mo. App.1984). A case is not to be submitted to the jury unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Dildine v. Frichtel,* 890 S.W.2d 683, 685 (Mo.App.1994). "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide a case." *Id.* (quoting *Hurlock v. Park Lane Medical Ctr., Inc.* 709 S.W.2d 872, 880 (Mo.App. 1985)). The questions of whether evidence in a case is substantial and whether inferences drawn are reasonable are questions of law. *Id.*

■■■■ To determine whether a plaintiff has made a submissible case, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. *Id.* We will not overturn a jury verdict unless there is a complete absence of probative facts to support it. *Id.* However, we do not supply missing evidence or give a plaintiff the benefit of unreasonable, speculative, or forced inferences. *Id.* The evidence and inferences must establish every element and not leave any issue to speculation. *Id.*

■■■■ To prevail in a negligence action, a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, that defendant failed to perform that duty, and that plaintiff's injury was proximately caused thereby. *Id.* A landlord has a duty to keep the portions of the leased premises which he retains under his control in a reasonably safe condition for the use intended and is liable for damages for personal injuries resulting from his failure to perform that duty. *Id.*

■■■■ Plaintiff submitted her case by Instruction No. 6 which required the jury to find:

First, there was a leak in the plumbing system common to all apartments at 4646 Pope and 4646–A Pope, and as a result, the ceiling in apartment 4646 Pope became wet and was not reasonably safe, and

Second, the plumbing system common to apartments 4646 Pope and 4646–A Pope was in the possession and control of Defendant J.R.J. Real Estate Investments, Inc., and

Third, Defendant J.R.J. Real Estate Investments, Inc. knew, or by using ordinary care, could have known of this condition, and

Fourth, Defendant J.R.J. Real Estate Investments, Inc. failed to use ordinary care to make the plumbing system reasonably safe, and

Fifth, as a direct result of such failure, Plaintiff sustained damage.

At trial, plaintiff was the only party to present evidence and was the sole witness. Plaintiff testified that she lived in one of two first floor units in a four unit apartment building, with another apartment immediately above her. At the end of May or beginning of June, 1989 she noticed that the wall by the drop ceiling in the kitchen was wet. After plaintiff telephoned defendant's management company about the problem, a man came to her apartment and told her the management company sent him. He inspected the wet area, told her, "that is coming from above you," and left. Later, she noticed that the wall began to dry and part of the ceiling started to turn brown. On approximately July 1, 1989 plaintiff called the management company and told them the ceiling was sagging, but no one came out. On July 29, 1989 soggy, wet ceiling material fell on her.

Plaintiff never mentioned pipes or a plumbing system in her testimony. She did not present any evidence of the building's plumbing system. She did not testify or produce other evidence that there were any plumbing pipes above her kitchen ceiling or that there were leaks in any plumbing pipes. The two photographs of the kitchen taken after the ceiling fell do not show any pipes or plumbing.

The fact that the kitchen ceiling was wet is not sufficient evidence from which a leak in a common plumbing system can be reasonably inferred. To make a submissible case on the issue of causation, the evidence must fairly warrant the conclusion that the dangerous condition did not originate from some other cause. *Winkler v. Robinett*, 913 S.W.2d 817, 821 (Mo.App.1995). The testimony that the ceiling was wet does not meet this burden.

The judgment of the trial court is reversed.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.