**Belinda BROWN, Appellant,**

v.

**SCHNUCK MARKETS, INC., Respondent.**

No. 73295.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1998.

. Paul J. Passanante, Joan M. Tanner, St. Louis, for appellant.

Michael B. Maguire, T. Michael Ward, Bart B. Zuckerman, St. Louis, William W. Cheeseman (Guardian Ad Litem), Troy, for respondent.

Before CRANE, P.J., and RHODES RUSSELL and HOFF, JJ.

PER CURIAM.

Belinda Brown ("customer") appeals after a judgment notwithstanding the verdict was entered in favor of Schnuck Markets ("Schnuck") on her claim that Schnuck owed a duty to protect her from foreseeable criminal activity on its premises. Customer argues that she produced substantial evidence concerning prior criminal incidents on Schnuck's premises thereby establishing a duty to protect her. Customer also argues that Schnuck's placement of security guards on its premises and the occurrence of six additional non-violent crimes on or near the premises also created Schnuck's duty. We affirm in that Schnuck owed customer no duty of protection under the circumstances herein.

For many years, Schnuck operated a grocery store located on the 1400 block of South Florissant Road ("old store"). Schnuck provided parking facilities to customers in a lot

shared with at least two other businesses. This parking lot also doubled as a commuter lot. In April 1991, Schnuck closed the old store and opened up a new grocery store about two blocks away. The parking facilities at the new store were at a different location than the old store's parking facilities.

On January 8, 1992, customer arrived at the new store at approximately 8 p.m. After completing her shopping and loading her groceries into her car, customer was approached by an unidentified male. The assailant threw the automobile door open and placed a gun to the side of her neck. After unsuccessfully attempting to move customer to the passenger seat, the assailant began striking her on the side of her head with both the gun and his fist. After striking her at least ten times, the assailant dislodged customer from the car, propelled her into a nearby shopping cart holder, and fled in his automobile with her purse.

The following year, customer brought suit, claiming that Schnuck's negligence in failing to protect her from criminal activity caused her to sustain injuries and damages when she was unexpectedly attacked by the unknown assailant. Following a three day trial, the jury found for the customer and awarded her $25,000 in damages. The trial court subsequently entered a judgment notwithstanding the verdict in favor of Schnuck, explaining that customer had produced insufficient evidence to invoke a duty upon Schnuck to protect her from the criminal acts of unknown third persons. This appeal follows.

Customer recites three points on appeal. She claims that the trial court erred in granting the judgment notwithstanding the verdict because she presented substantial evidence as to previous criminal incidents on Schnuck's property, thereby imposing a duty upon Schnuck to protect customer. Customer also claims that Schnuck assumed a duty to protect its customers by its placement of security guards on and about its premises. Finally, she asserts that the trial court erred in refusing to admit evidence of six prior non-violent crimes which had occurred on the parking lots of Schnuck's old and new grocery stores.

■■ A motion for judgment notwithstanding the verdict presents the issue of whether the plaintiff has made a submissible case. *Kimbrough v. J.R.J. Real Estate Investments, Inc.,* 932 S.W.2d 888, 889 (Mo. App.1996). If at least one element of a cause of action is not supported by substantial evidence, a motion for judgment notwithstanding the verdict should be granted. *Kennedy v. Fournie,* 898 S.W.2d 672, 680 (Mo.App. 1995). The question of whether evidence in a case is substantial is a question of law. *Kimbrough,* 932 S.W.2d at 888.

To determine whether plaintiff has made a submissible case, all evidence and reasonable inferences drawn therefrom must be viewed in a light most favorable to the plaintiff. *Kimbrough,* 932 S.W.2d at 889. A jury verdict will not be overturned unless there is a complete absence of probative facts to support it. *Id.*

■■ Customer's first point on appeal concerns the duty of a landowner to protect business invitees from the criminal activity of third parties. In an action for negligence, a plaintiff is required to establish (1) a duty on the part of defendant to protect plaintiff from injury; (2) a breach of that duty; and (3) an injury to plaintiff as the direct result of that breach of duty. *Claybon v. Midwest Petroleum Co.,* 819 S.W.2d 742, 744 (Mo.App.1991). Ordinarily, a landowner has no duty to protect a business invitee from the perpetuation of deliberate criminal activity by third parties. *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988). Moreover, a duty does not develop even though the area is one of high crime. *Keenan v. Miriam Foundation,* 784 S.W.2d 298, 302 (Mo.App.1990).

■■ In spite of this general principle, a duty arises for a landowner to protect others, including business invitees, from deliberate criminal activity by third persons when "special facts and circumstances" are shown to exist. *Madden,* 758 S.W.2d at 61; *Keenan,* 784 S.W.2d at 302. The "special facts and circumstances" exception encompasses two possible theories of liability: (1) an intentional infliction of injury by known and identifiable third parties and (2) numerous and recent incidents of violent crime against

persons on the premises by unknown assailants. *Bowman v. McDonald's Corp.*, 916 S.W.2d 270, 277 (Mo.App.1995).

■ As the case at issue deals with an unknown assailant and an unidentifiable third party, we will focus exclusively upon the second theory of liability under the "special facts and circumstances" exception. To state a cause of action for a third party criminal assault by unknown persons against her, a plaintiff must prove: (1) the necessary relationship between the plaintiff and defendant; (2) the prior specific incidents of violent crimes on the premises that are sufficiently numerous and recent to put a defendant on notice, either actual or constructive, that there is a likelihood that third persons will endanger the safety of defendant's invitees; and (3) the incident causing the injury is sufficiently similar in type to the prior specific incidents occurring on the premises that a reasonable person would take precautions against that type of activity. *Keenan*, 784 S.W.2d at 303. The touchstone for the creation of this duty is foreseeability, and the duty arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury. *Bowman*, 916 S.W.2d at 277.

The first prong of this cause of action involves the relationship between the plaintiff and the defendant. The relationship that must exist for a duty to be established is that of a business or property owner to an invitee. *Keenan*, 784 S.W.2d at 303; *Keesee v. Freeman*, 772 S.W.2d 663, 669 (Mo.App.1989). As customer was on Schnuck's property to purchase goods and engage in business transactions, we will assume that the required relationship was in effect at the time of the assault.

The second prong of a plaintiff's prima facie case is the production of evidence of prior specific incidents of violent crimes *on the premises* that are sufficiently numerous and recent to put a defendant upon notice

that his or her invitee is in danger. *Groce v. Kansas City Spirit, Inc.*, 925 S.W.2d 880, 885 (Mo.App.1996) (emphasis in original). It is insufficient for plaintiff to merely prove that defendant is located in a high crime or high danger area. *Id.*

Originally, five crimes were admitted into evidence by the trial court. These crimes consisted of an assault, two purse snatchings,[1] an undisclosed robbery involving a juvenile perpetrator, and a reported criminal incident which, upon investigation, was deemed unsubstantiated. Three crimes occurred at the old store; two crimes occurred at the new store. However, in its judgment notwithstanding the verdict, the trial court emphasized that any control Schnuck may have had over the old parking lot was not contemporaneous with its control over the new parking lot. Therefore, the occurrence of an act at the old store's parking lot would not necessarily put Schnuck on notice that such an act would be likely at the new store's parking lot.

Of the five crimes admitted into evidence, only two, a purse snatching and a robbery by a juvenile, occurred on the premises of Schnuck's new store. As previously stated, Schnuck's new store was located about two blocks from its old store, where the remaining three crimes had occurred. Without any cited authority, this court cannot accept customer's conclusory presumption that there is no reason that the frequency with which crimes occurred would change significantly by moving two blocks. We are reluctant to begin arbitrarily targeting the distance in which notice of prior criminal activity will be imputed. To do so would be contrary to already established case law which requires that "prior specific incidents of violent crimes *on the premises*" be established by the invitee plaintiff before a duty on behalf of a defendant develops. *Groce*, 925 S.W.2d at 885. The first three prior criminal incidents

1. "Evidence of purse snatching falls into [an equivocal] category. Some purse snatchings involve sufficient force to constitute robbery in the second degree; in others, there is no violence." *Brown v. National Super Markets, Inc.*, 731 S.W.2d 291, 295 (Mo.App.1987). In neither of the purse snatchings at issue was there any evidence of violence. In one, three males grabbed a purse from a woman's hand and ran; in the other, a male fled with a woman's purse after seeking spare change from her. The trial court found no evidence existed that either incident involved physical contact.

did not occur on the same premises where customer's assault occurred, therefore, they should not be considered in establishing a duty on behalf of Schnuck.

Customer argues that Schnuck should not be allowed to evade its duty to protect its customers from violent criminal acts simply by moving next door. This argument has no merit. Notwithstanding the fact that Schnuck moved about two blocks away, customer has not presented any evidence that Schnuck effectuated its move to skirt a duty of protection. To extend the area in which crimes could be considered would penalize businesses for moving to a safer location. In any event, this duty is dependent on the existence of prior crimes on the same premises and is not triggered by crimes on other property owned or used by a defendant. We are thus spatially limited to considering the criminal incidents occurring at the new store.

We must further determine whether customer has met her burden of producing sufficient evidence of numerous and recent specific prior incidents of violent crime as to establish a duty. Several Missouri cases speak directly to both sides of the issue. In *Madden*, the Supreme Court found that six armed robberies, six strong arm robberies, one assault, and one purse snatching were sufficient to put the defendant on notice of the possibility that his invitees may be exposed to third party criminal action. *Madden*, 758 S.W.2d at 62. In *Brown v. National Super Markets, Inc.*, 731 S.W.2d 291, 293 (Mo.App.1987), this court found that evidence of twenty-two violent crimes was sufficient to establish a duty on the part of the landowner. Finally, in *Keesee*, evidence of eighty-eight violent crimes over a two year period was sufficient to trigger a duty. 772 S.W.2d at 669.

Conversely, in *Decker v. Gramex Corp.*, 758 S.W.2d 59, 63 (Mo. banc 1988), the court noted that one armed robbery, one purse snatching, and multiple thefts might not be sufficient to establish a duty of protection. Moreover, *Keenan* held that evidence of ten shoplifting incidents, two non-violent purse snatchings, a cash register theft, and threats to security personnel was insufficient to impose a duty. 784 S.W.2d at 300, 303.

The present scenario is more similar to *Decker* and *Keenan*. The prior crimes occurring at the new store consisted of a non-violent purse snatching and a robbery whose details were unknown because the records had been sealed by the juvenile court. A non-violent purse snatching, occurring seven months prior to the incident in question, and a robbery whose details are undeterminable, occurring three and one-half months prior to the incident in question, can hardly be sufficient to impute notice to Schnuck, thereby establishing a duty to protect business invitees from criminal activity by unknown parties. Plaintiff has, therefore, failed to establish the second prong of a prima facie case against defendant for a third party criminal assault by unknown persons.

The third element of the plaintiff's prima facie case is the production of evidence that the incident causing the injury is sufficiently similar in type to the prior specific incidents occurring on the premises such that a reasonable person would take precautions against that type of activity. *Keenan*, 784 S.W.2d at 303. Of the two relevant prior incidents occurring on the new store's parking lot, neither is analogous to customer's assault. A purse snatching in which there was no evidence of physical contact and a robbery for which the record has been sealed are not "sufficiently similar" to an attempted abduction and pistol whipping so as to put Schnuck upon notice such that a reasonable person would take precautions against that type of activity. *See Keenan*, 784 S.W.2d at 303.

There is no evidence herein that the prior thefts involved a serious or permanent injury. Furthermore, there is no indication that a weapon was used in those incidents. These prior crimes would not put Schnuck on notice that a third party would attempt to abduct at gunpoint, and pistol whip a customer on its parking lot. Plaintiff has also failed to prove the third element of a prima facie case against defendant. No duty has been established. Point one is denied.

■ Customer's second point asserts that Schnuck assumed a duty to protect its business invitees by providing security guards on

its parking lot. During the evening hours, Schnuck generally provided one security guard to secure the front of the new store and patrol the parking lot frequently.

■ We agree with customer's contention that "[t]he law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken." *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc./Special Products, Inc.*, 700 S.W.2d 426, 432 (Mo. banc 1985). However, merely because a business chooses to have a security program is not equivalent to the assumption of a duty to protect invitees from third party criminal acts. *Bowman*, 916 S.W.2d at 287 n. 7; *Miller v. South County Center, Inc.*, 857 S.W.2d 507, 512 (Mo.App.1993).

Customer relies significantly upon *Keenan v. Miriam Foundation.* In *Keenan*, when a woman donating dishes to a charitable center was instructed to drive toward the back of the defendant's building, she was assured that "there would be somebody with her" and "it would be 'all right.'" *Keenan*, 784 S.W.2d at 304. After driving to the back of the building and beginning to unload her donations, she was assaulted and shot. *Id.* This court found that the defendant had assumed a duty to protect the plaintiff, not necessarily because defendant provided security, but because of defendant's express assurances that someone would be available to provide protection to her person and her property. *Id.*

■ Customer attempts to analogize her situation to the *Keenan* scenario. She claims that since a personalized express assurance of safety to each customer would be impossible, the mere placement of a security guard in the store should suffice to establish an assurance of safety. However, to submit to such an analogy would be to ignore the more recent case law of *Miller* and *Bowman.* When no *express* assurance of safety is made, the employment of security guards, standing alone, cannot support the necessary finding of a duty to protect a customer. *Miller*, 857 S.W.2d at 512. In failing to recognize a duty by a landowner to protect business invitees, *Miller* distinguished itself from *Keenan* by emphasizing that "[i]n *Keenan*, express assurances of safety were given. Here, no such assurances were made. Furthermore, there are no allegations that [p]laintiff relied on the presence of security guards for her protection." *Id.* at 513.

No express assurances of safety were given by Schnuck, nor were there any allegations that customer relied upon the presence of security guards for protection. To extend a greater duty for the benefit of patrons would undermine the public policy that encourages landowners to provide for the safety of their premises. *Miller*, 857 S.W.2d at 512. To hold landowners liable for the employment of security guards would simply lead to fewer landowners hiring security guards and consequently, less security. As the *Miller* decision succinctly summarized, "[g]reater prudence than the law otherwise requires is not a proper basis for the imposition of a duty; it is conduct society seeks to encourage." *Id.* Point two is denied.

Customer's third point argues that six other crimes, albeit non-violent, committed on the parking lots of the old and new stores, should have been admitted into evidence. Customer argues the crimes were relevant to establish a breach of duty on the part of Schnuck.

Our analysis of customer's previous point established that Schnuck owed no duty to a business invitee to protect her from criminal activity by third parties. Therefore, because no duty by law existed, it is moot whether evidence was excluded that demonstrated a breach of that non-existent duty. Customer's third point is denied.

The judgment of the trial court is affirmed.