# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2795

———————

| | |
|---|---|
| Beverly A. Liszewski; Lisa A. Liszewski, | * <br> * <br> * |
| Plaintiffs - Appellants, | *   Appeal from the United States <br> *   District Court for the Eastern |
| v. | *   District of Missouri. <br> * |
| Target Corporation, | * <br> * |
| Defendant - Appellee. | * |

———————

Submitted: January 15, 2004
Filed: July 2, 2004

———————

Before MELLOY, BRIGHT, and HANSEN, Circuit Judges.

———————

MELLOY, Circuit Judge.

We affirm the district court's[1] grant of summary judgment in favor of Defendant-Appellee Target Corporation ("Target") in this negligence action under Missouri law.

---

[1]The Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

## I.

Attackers assaulted and robbed Plaintiffs-Appellants Beverly A. Liszewski and Lisa A. Liszewski in the parking lot of a St. Louis-area Target store on January 3, 2000. The attack occurred near the store's closing time. Initially, one attacker attempted to steal Lisa Liszewski's purse. The store manager witnessed the attack and attempted to help. The store manager caught and pinned down the attacker, but a group of accomplices exited a car, beat the store manager, briefly abducted and assaulted Beverly Liszewski, threatened her with a piece of broken glass, and released her. The attackers knocked Lisa Liszewski down as they fled. A security guard, who was near the front door, claimed that he did not see the attack.

The Liszewskis brought this action in state court, and Target removed to the United States District Court for the Eastern District of Missouri. The Liszewskis alleged that Target failed to adequately protect them from attack by unknown third persons while on Target's property as business invitees. The Liszewskis set forth numerous prior crimes and reports of crimes that occurred at or near the same store and argued that these prior crimes made the present attack reasonably foreseeable. The Liszewskis argued that this foreseeability placed a duty on Target to protect its invitees at that particular store from criminal attack by unknown third persons. The Liszewskis also argued that because Target had a security guard on duty and other security measures in place, Target had assumed the duty to protect its invitees from unknown third persons.

The district court granted summary judgment against the Liszewskis, finding that the prior criminal acts at the Target store were insufficient to place a reasonable business owner on notice that it was necessary to protect invitees from attack by unknown third persons. In addition, the district court held that the provision of security guards and parking lot cameras did not amount to an assumption of a duty to protect invitees.

## II.

We review the district court's grant of summary judgment de novo. L.A.C. v. Ward Parkway Shopping Ctr. Co., 75 S.W.3d 247, 256 (Mo. 2002) (en banc). Here, we must determine whether Target had a duty to protect its invitees from attack by unknown third persons. Although we must view the facts in a light most favorable to the Liszewskis and draw all reasonable inferences in their favor, the underlying question of "'[w]hether a duty exists is purely a question of law.'" Id. at 257 (quoting Lopez v. Three Rivers Elec. Coop., Inc., 26 S.W.3d 151, 155 (Mo. 2000) (en banc)).

Under Missouri law, there is no special formulation of a test to assess the duty of a business towards its invitees. Id. at 256 (identifying but refusing to adopt various tests such as the "specific harm test," the "prior similar incidents" test, and the "totality of the circumstances test"). Rather, the Missouri Supreme Court has stated that the traditional tort principles of duty, breach, and causation are sufficiently flexible to address such liability under the circumstances of any given case. Id. at 257. Under Missouri's general negligence test, then, a business does not owe its invitees a duty to guard against the criminal acts of unknown third persons in the absence of special circumstances that would make such acts foreseeable. See id. (stating that the court "merely followed traditional principles of the law of negligence" and finding that "a duty to exercise care [to protect business invitees] may be imposed by common law under the facts and circumstances of a given case") (citation an internal quotation omitted) (alteration in original); Madden v. C & K Barbeque Carryout, Inc.,758 S.W.2d 59, 62 (Mo. 1988) (en banc) (stating that "[t]he touchstone for the creation of a duty is foreseeability," and "[a] duty [to protect invitees from the criminal acts of unknown third parties] arises out of circumstances in which there is a reasonably foreseeable likelihood that particular acts or omissions will cause harm or injury").

Reasonable foreseeability does not require the identical crime to occur before a duty arises. See L.A.C., 75 S.W.3d at 259 ("Foreseeability does not require identical crimes in identical locations."). Rather, an offense is reasonably foreseeable and a duty arises under circumstances where prior reports of criminal activity or other similar acts on or near the site are sufficient in number, sufficiently similar to, and sufficiently close in time to the immediate offense to place a business on notice of the need to protect its invitees from that general type of risk. See Brown v. Schnucks Mkts., Inc., 973 S.W.2d 530, 533 (Mo. Ct. App. 1998) (searching for "prior specific incidents of violent crimes on the premises that are sufficiently numerous and recent to put a defendant on notice . . . and sufficiently similar in type . . . that a reasonable person would take precautions against that type of activity"); Smith v. Archbishop of St. Louis, 632 S.W.2d 516, 521 (Mo. Ct. App. 1982) ("[P]laintiff need not show that the very injury resulting from defendant's negligence was foreseeable, but merely that a reasonable person could have foreseen that injuries of the type suffered would be likely to occur under the circumstances.").

In the present case, the district court reviewed the prior criminal activities that the Liszewskis identified and rejected most as dissimilar to the present, violent robbery. The district court stated that numerous reported incidents of shoplifting were nonviolent crimes by third parties against Target rather than violent crimes by unknown third parties against invitees. The district court also rejected as dissimilar various prior crimes that did not involve unknown third parties (e.g., assaults by acquaintances and an altercation between a Target employee and an invitee) or that were crimes against property rather than crimes that involved the presence of a victim (e.g., the theft of a patron's bicycle when he was inside the store and the theft of cars without reports of personal confrontations). Finally, the district court discounted two crimes that occurred nearby, but on the premises of other businesses: a 1997 purse snatching from a shopping cart in the parking lot of a nearby grocery store that involved no physical harm to the victim; and the armed robbery of an ATM patron

at a bank across the street from Target by acquaintances of the victim who had driven the victim to the bank.

The district court concluded that only two prior incidents were sufficiently similar to the present case to arguably provide notice: a January 1996 robbery and a March 1996 attempted robbery in the same parking lot. These incidents, however, were four years old at the time of the present attack and easily distinguishable. The attempted robbery in March 1996 occurred after store hours and involved a truck driver in an area of the parking lot that invitees did not normally use. Information surrounding the January 1996 robbery was unclear because the victims did not cooperate with police. However, it was clear that the 1996 robbers did not physically injure the victims nor actually take any property from the victims.

The district court concluded that the limited number of even arguably similar crimes coupled with the lack of temporal proximity between these arguably similar crimes and the present attack precluded a finding that Target should have anticipated the present attacks. We agree with the district court. The past acts were insufficient as a matter of Missouri law to create a duty to protect against attacks by unknown third parties. Compare L.A.C., 75 S.W.3d at 258 (finding a duty to protect against violent attack where seventy-five violent crimes occurred on the defendant business's property in the three years preceding the plaintiff's rape and where these crimes included "abduction, sexual assault and a number of violent, armed and strong-arm robberies"), with Brown, 973 S.W.2d at 534 (finding that a purse snatching seven months prior and a robbery with uncertain details three and one-half months prior failed to put a defendant grocer on notice and establish a duty to protect a plaintiff from an assault with a gun and a purse snatching by an unknown third person).

The Liszewskis argue that this conclusion improperly relies on a strict temporal cutoff and improperly fails to consider crimes that occurred nearby but off premises. We disagree. To reach our conclusion we do not rely on any bright-line rules such

as a temporal cutoff or the wholesale refusal to consider crimes that occurred off premises. Rather, we simply give less weight to temporally remote crimes and crimes that occurred off premises because common sense dictates that a reasonable person would give less consideration to such events.

We next turn to the Liszewskis' argument concerning Target's provision of security guards and parking lot cameras. On appeal, the Liszewskis appear to depart from the "assumption of duty" argument that the district court addressed. They argue instead that Target's provision of security measures serves as a sort of admission that a foreseeable risk existed. Under either articulation of this argument, we disagree. Missouri law makes clear that the provision of a security program does not give rise to a general duty to protect customers. See Brown, 973 S.W.2d at 535 (finding that the hiring of security guards did not demonstrate an assumption of a duty where there was no "express assurance of safety"). Further, Missouri law makes clear that it is improper to infer knowledge of risk, and therefore duty, based on the hiring of security guards. See Miller v. S. County Ctr., Inc., 857 S.W.2d 507, 512 (Mo. Ct. App. 1993). In Miller, the court explained Missouri public policy on this issue:

> Nor in our view would sound public policy permit the inference Plaintiff apparently would have us draw that Defendants' employment of security guards means Defendants knew or should have known criminal attacks were to be expected. To impose liability on such basis would discourage landowners from taking greater precautions than the law requires. To infer a duty from the mere fact of hiring security guards is no more legitimate than inferring a duty from the fact that a defendant purchases insurance. Greater prudence than the law otherwise requires is not a proper basis for the imposition of a duty; it is conduct society seeks to encourage.

Id. Accordingly, we do not find that the provision of security measures in this case supports a finding that a duty existed.

We affirm the judgment of the district court.

-6-

BRIGHT, Circuit Judge, concurring.

In this diversity case, this court must apply Missouri law as expounded by the Missouri courts. Under present Missouri case law, the magistrate judge did not err in determining that under the undisputed facts, the defendant Target did not incur a duty to protect the plaintiffs from a criminal attack against them in the Target store parking lot from unknown third parties.

The precedent established today may or may not apply to similar cases arising in other jurisdictions. I would particularly note that other cases in state courts express most expansive concepts of security duties owed to business invitees. See, e.g., Galloway v. Bankers Trust Co., 420 N.W.2d 437, 440 (Iowa 1988) (holding that a mall owner should have foreseen the likelihood of a violent act based on the site's history of non-violent crimes, including shoplifting), and cases cited therein.

_____