

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| DANIEL T. HUGHES, | ) | ED108077 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| v. | ) | 18SL-CC00492 |
| | ) | |
| MARITZ, WOLFF & CO., LLC, and | ) | Honorable Ellen H. Ribaudo |
| RITZ-CARLTON HOTEL COMPANY | ) | |
| COMPANY OF DELAWARE, LLC, | ) | |
| | ) | |
| Respondents. | ) | Filed: May 12, 2020 |

## OPINION

Daniel Hughes ("Plaintiff") appeals the trial court's grant of summary judgment in favor of Maritz, Wolff & Co., LLC, and Ritz-Carlton Hotel Company, LLC a/k/a Ritz-Carlton Hotel Company of Delaware, LLC (collectively "Defendants"). We affirm.

## BACKGROUND

Plaintiff was employed by Enterprise Leasing Company ("Enterprise") as a regional executive. In March 2011, he attended an Enterprise group sales meeting in Clayton, Missouri and stayed as a guest at the Ritz-Carlton Hotel ("Ritz"), assigned to room 811. Plaintiff went to a business dinner with other executives and returned to the Ritz in the early morning hours of

March 6, 2011. He requested a replacement key to his room, but mistakenly identified it as room 1611. Plaintiff had to forcibly break the privacy chain engaged inside the room to enter. He noticed there were individuals sleeping in the room but did not question their presence. Instead, he proceeded to undress, climb into bed with a sleeping nine-year-old female child ("Victim") and initiate inappropriate physical contact with her. He was ultimately confronted by her parents, who were sleeping in the other bed. After they kicked him out of the room, he went to the lobby where he was stopped by a security guard. Plaintiff was eventually arrested and charged with four counts of lewd and lascivious behavior with a minor.[1] Enterprise terminated Plaintiff following the incident. Plaintiff subsequently filed a petition for negligence against Defendants, claiming they breached their duty to him as a guest by failing to protect him, resulting in his termination and damages.

Defendants filed a motion for summary judgment and statement of uncontroverted facts. Plaintiff failed to timely respond to each paragraph of Defendants' stated facts as required by Rule 74.04(c)(2). Plaintiff filed a motion to enlarge the time to respond attaching a proposed response. However, the proposed response failed to controvert any of Defendants' enumerated uncontroverted facts nor did it enumerate a single additional material fact.[2] The trial court did not rule on the motion but noted the proposed response was considered in granting summary judgment in favor of Defendants.

---

[1] He was acquitted of all charges in April 2014.

[2] This failure was fatal to Plaintiff's case because "the trial court's review is limited to only 'the motion, the response, the reply and the sur-reply.'" *Fid. Real Estate Co. v. Norman*, 586 S.W.3d 873, 883 (Mo. App. W.D. 2019) (quoting Rule 74.04(c)(6)). Pursuant to Rule 74.04(c), the trial court is no longer required to pore through the record to include reviewing depositions to determine if the movant made a prima facie case because the burden is now placed upon the parties to identify the true issues in dispute. *Id*. For each material fact that the non-movant claims is genuinely disputed, the non-movant must direct the trial court to a particular numbered paragraph in movant's statement of uncontroverted material facts that is denied in the non-movant's response and support any denial with specifically referenced evidence. *Id*. When reviewing a summary judgment, our court does not review the entire trial court record; instead, our court may only review the undisputed material facts established by the process set forth in Rule 74.04(c). *Fleddermann v. Casino One Corp*., 579 S.W.3d 244, 248 (Mo. App. E.D. 2019).

## DISCUSSION

Plaintiff presents four points on appeal, each of which asserts the trial court erred in granting summary judgment in favor of Defendants. In his first point, Plaintiff claims the court erred because Defendants had a duty to protect him as a guest in the hotel. In point two, Plaintiff claims summary judgment was improper because Defendants breached their duty by giving him the wrong room key, which caused his entry to room 1611. In his third point, Plaintiff argues the trial court erroneously granted summary judgment in favor of Defendants because there is a factual question regarding proximate cause and it cannot be resolved as a matter of law. In his fourth and final point, Plaintiff contends the trial court erred in granting summary judgment in favor of Defendants because his forcible entry into room 1611 was not a superseding or intervening cause to break the chain of causation, but instead a foreseeable consequence of Defendants' negligence.

### *Standard of Review*

Our review of the trial court's grant of summary judgment is *de novo*. *ITT Comm. Fin. Corp. v. Mid-Amer. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm the judgment of the trial court if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id*. at 377; Rule 74.04(c)(6).

When a defendant moves for summary judgment, a right to judgment as a matter of law can be established by showing: (1) facts that negate any one of the elements of Plaintiff's claim; (2) that Plaintiff, after an adequate period of time for discovery, has not and will not be able to produce sufficient evidence to find the existence of any element of Plaintiff's claim; or (3) there is no genuine dispute as to the existence of each of the facts required to prove a properly pleaded affirmative defense. *Garrett v. Impac Hotels 1, LLC*, 87 S.W.3d 870, 872 (Mo. App. E.D. 2002);

3

(quoting *ITT Comm. Fin. Corp.*, 854 S.W.2d at 381).

<u>*Analysis*</u>

We need not address each of Plaintiff's points individually because the summary judgment record is clear that Defendants are entitled to judgment as a matter of law on Plaintiff's negligence claim against them based upon the undisputed facts. To show negligence, Plaintiff was required to prove Defendants had a duty to protect him from injury, Defendants failed to exercise their duty, and that failure resulted in damage to Plaintiff. *Miller v. South County Center, Inc.*, 857 S.W.2d 507, 510 (Mo. App. E.D. 1993). While businesses generally do not owe a duty to protect invitees, there are two exceptions: the "special relationship" test, and the "special circumstances" test.[3] *Id.* A "special relationship" exists if an individual entrusts himself to the protection of another and relies upon that party to provide a safe place. *Id.* This includes the innkeeper-guest relationship. *Id.*

However, such duty must be premised upon foreseeable harm that can occur to the guest. *See id.* at 512. The Plaintiff did not dispute Defendants facts showing they could not have known or should have reason to know Plaintiff would conduct himself in the manner he did once given the key to the wrong room. More specifically, the undisputed facts are that Plaintiff was voluntarily intoxicated, and requested the key to room 1611, which was not his room. Once given the key to room 1611, he found the door locked from inside with a chain which could not be unlocked by the key card. Despite this secondary lock, Plaintiff forcibly entered the room, breaking the chain's screws off the door frame. Upon entry, Plaintiff saw people sleeping in the beds, but did not speak to anyone, much less inquire why they were in his room. He undressed

---

[3] If special circumstances exist, it may give rise to a duty to protect an invitee where no special relationship exists. *Miller*, 857 S.W.2d at 510. A duty may arise if there is an intentional infliction of injury by a known and identifiable third party, or if there are frequent and recent occurrences of violent crimes against individuals on the premises by unknown assailants, which results in such acts becoming foreseeable. *Id.* The special circumstances exception does not apply to this case.

to his underwear, climbed into bed with a person he presumed was a female but did not know the identity of and initiated physical contact with her. He admitted to the police he "was rubbing her butt and I could feel her skin," as he touched her breasts, legs, shoulder, and hands. He also tried to kiss Victim and pull her on top of his body. As a result of his actions, Plaintiff was criminally charged and subsequently terminated from Enterprise.

Nothing in the summary judgment record shows Defendants should have or could have anticipated such behavior by Plaintiff upon being given the key to the wrong room.[4] Thus, the undisputed facts show no duty existed. *See Miller*, 857 S.W.2d at 513 (no evidence was presented of prior incidents to establish foreseeability of crime to prove existence of duty on the part of the defendants). As a result, Plaintiff failed to establish a necessary element of his negligence claim, and summary judgment in favor of Defendants was proper.

In addition, we find the undisputed facts in the summary judgment record also defeat the element of causation. To prove the required causation for his claim of negligence, Plaintiff must show both causation in fact and proximate cause. *Heffernan v. Reinhold*, 73 S.W.3d 659, 664 (Mo. App. W.D. 2002). Defendants' actions are the cause in fact of Plaintiff's damages if the injury would not have occurred "but for" that conduct. *Id.* Proximate cause is not causation in fact, but instead is a limitation imposed by law upon a party's right to recover for the consequences of a negligent act. *Id.* "The requirement of proving proximate cause absolves those actors whom it would be unfair to punish because of the attenuated relation which their conduct bears to the plaintiff's injuries." *Id.* The test is whether the negligence is the action of which the damages were the natural and probable consequence. *Id.*

---

[4] Plaintiff contends his obvious intoxication serves as justification for imposing a duty upon Defendants to have protected him from himself after receiving the key to room 1611; however, Plaintiff failed to refute Defendants' statement of uncontroverted fact, and nothing in the summary judgment record supports this contention.

As discussed above, the undisputed facts show Plaintiff broke the chain off the door to enter a locked room, undressed, got into bed with a minor child unknown to him, and admitted he engaged in inappropriate contact with her. Plaintiff alleges his termination as a result of this behavior was proximately caused by Defendants' negligence in giving him the key to the wrong room. However, there is no genuine dispute of material fact regarding Plaintiff's conduct following the alleged negligence of Defendants, nor that such conduct was *not* a natural or probable consequence to being given the key to room 1611. Moreover, the undisputed facts show Plaintiff's claimed injury, his termination from Enterprise, was not the result of the alleged negligent act of giving Plaintiff the key to the wrong room. Instead, the summary judgment record unequivocally establishes he was terminated because he forcibly entered the room and was criminally charged for his behavior after doing so.[5] Thus, the undisputed facts negate causation and Defendants are entitled to judgment as a matter of law on Plaintiff's negligence claim.

As a result of the foregoing, the trial court did not err in granting summary judgment in favor of Defendants.

## CONCLUSION

The judgment of the trial court granting summary judgment in favor of Defendants is affirmed.

_____
Lisa P. Page, Judge

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.

---

[5] The undisputed facts further showed Plaintiff had been previously warned and reprimanded about his inappropriate behavior and was on probation with Enterprise at the time.

6